IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**LISA MOORE, ET AL.,**

        Plaintiff,

        vs.

**CITY OF VALLEJO, ET AL.,**

        Defendant.

NO. **2:14–CV–00656–JAM–KJN**

<u>ORDER SETTING
STATUS CONFERENCE</u>

This action has been assigned to District Judge John A. Mendez and Magistrate Judge Kendall J. Newman.

Pursuant to Fed. R. Civ. P. 16, and Local Rule 240, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue and send plaintiff one summons for each defendant named in the complaint. Plaintiff shall complete service of process on defendants named in the complaint within 120 days from the date of this order. Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 120 days from the date that the complaint is filed. <u>See</u> Fed. R. Civ. P. 4(m).

2. Plaintiff shall serve on each defendant, within ten days after the service of process, a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate

Judge" and shall file with the clerk a certificate reflecting such service.

3. If this action was originally filed in state court and removed to this court, the removing party shall immediately serve upon each of the other parties, and upon all parties subsequently joined, a copy of this order, and shall file with the Clerk a certificate of such service.

4. Within thirty days after defendant answers, the parties shall meet and confer in person about the mandatory disclosures required by Fed. R. Civ. P. 26.

5. A Status (Pretrial Scheduling) Conference is set for July 24, 2014 at 10:00 a.m. in Courtroom No. 25 before the undersigned. All parties shall appear by counsel or in person if acting without counsel.

6. Not later than seven days prior to the Status Conference, the parties shall file status reports[1] briefly describing the case and addressing the following:

    a. Service of process;

    b. Possible joinder of additional parties;

    c. Any expected or desired amendment of the pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and their scheduling;

    f. The report required by Fed. R. Civ. P. 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

    g. Future proceedings, including setting appropriate cut–off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

    h. Special procedures, if any;

    i. Estimated trial time;

    j. Modifications of standard pretrial procedures due to the simplicity or complexity of of the proceedings.

---

[1] The parties are encouraged, when possible, to file a joint status report.

       k. Whether the case is related to any other cases, including bankruptcy;

       l. Whether a settlement conference should be scheduled;

       m. Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of his so acting, or whether they prefer to have a settlement conference conducted before another judge;

       n. Any other matters that may add to the just and expeditious disposition of this matter.

       7. Failing to obey federal or local rules, or order of this court, may result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules.

       8. Plaintiff and counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition. See L.R. 160. In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions. Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

       9. The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Ninth Circuit Court of Appeals. See 28 U.S.C. § 636(c). The form for consent to trial by a magistrate judge is attached. Any party choosing to consent may complete the form and return it to the Clerk of the Court. Neither the magistrate judge nor the district judge handling the case will be notified of the filing of a consent form, unless all parties to the action have consented.

1      10. The Clerk of the Court is directed to send plaintiff copies (one for each defendant plus one for plaintiff) of the form, "Consent to Proceed Before United States Magistrate Judge," with this order.

Dated:     March 11, 2014

                  KENDALL J. NEWMAN
                  UNITED STATES MAGISTRATE JUDGE

by: /s/ K. Zignago
Deputy Clerk