MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN  (State Bar No. 189268)
GENEVIEVE K. GUERTIN (State Bar No. 262479)
T. KENNEDY HELM (State Bar No. 282319)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California  94612
Telephone: (510) 452-5500
Facsimile:  (510) 452-5510

Attorneys for Plaintiffs
Lisa Moore and Eugene Moore

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MOORE and EUGENE MOORE, Individually and as Co-Successors in Interest of Decedent JEREMIAH EUGENE MOORE,<br><br>            Plaintiffs,<br>vs.<br><br>CITY OF VALLEJO, a public entity; CITY OF VALLEJO POLICE CHIEF JOSEPH KREINS, in his individual and official capacities; OFFICER SEAN KENNEY, individually; and DOES 1-20, individually, jointly and severally,<br><br>            Defendants.<br>_____ | Case No. 2:14-cv-00656-JAM-KJN<br><br>Hon. John A. Mendez<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |

1        Plaintiffs, by and through their attorneys, HADDAD & SHERWIN,

2   for their First Amended Complaint against Defendants, state as

3   follows:

**JURISDICTION**

4

5        1.   This is a civil rights, wrongful death, and survival

6   action arising from Defendants' wrongful shooting, use of

7   excessive force and recklessly provocative tactics, resulting in

8   the death of Jeremiah Eugene Moore, Deceased, on or about October

9   21, 2012, in the City of Vallejo, County of Solano, California.

10  This action is brought pursuant to 42 USC §§ 1983 and 1988; Title

11  II of the Americans with Disabilities Act ("ADA"); 42 U.S.C. §

12  12132 *et seq.*; § 504 of the Rehabilitation Act ("RA"); 29 U.S.C.

13  §§ 794 and 794a *et seq.*; 42 U.S.C. §§ 2000d-7 and 12202; and the

14  First, Fourth, and Fourteenth Amendments to the United States

15  Constitution, as well as the laws and Constitution of the State of

16  California, including but not limited to California Civil Code §§

17  52.1, 51.7, and 52, and California common law.  Jurisdiction is

18  founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the

19  aforementioned statutory and constitutional provisions.

20  Plaintiffs further invoke the supplemental jurisdiction of this

21  Court pursuant to 28 USC §1367 to hear and decide claims arising

22  under state law.

**INTRADISTRICT ASSIGNMENT**

2.　 A substantial part of the events and/or omissions complained of herein occurred in the City of Vallejo, Solano County, California, and this action is properly assigned to the Sacramento Division of the United States District Court for the Eastern District of California.

**PARTIES AND PROCEDURE**

3.　 Plaintiff LISA MOORE is the mother of decedent, JEREMIAH EUGENE MOORE, and a resident of the State of California. Plaintiff LISA MOORE brings these claims individually for wrongful death and violation of her personal rights, and as co-successor in interest for JEREMIAH MOORE, Deceased, for violation of Decedent's rights.

4.　 Plaintiff EUGENE MOORE is the father of Decedent JEREMIAH EUGENE MOORE and a resident of the State of California. Plaintiff EUGENE MOORE brings these claims individually for wrongful death and violation of his personal rights, and as co-successor in interest for JEREMIAH MOORE, Deceased, for violation of Decedent's rights.

5.　 Plaintiffs bring these claims pursuant to California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq., California's comprehensive survival statutes, which provide for survival and wrongful death actions.　 Plaintiffs also bring their claims individually and on behalf of Decedent JEREMIAH MOORE on

the basis of 42 USC §§ 1983 and 1988, the United States
Constitution, and federal civil rights law.  Plaintiffs also bring
these claims as Private Attorneys General, to vindicate not only
their rights, but others' civil rights of great importance.

6.   Defendant CITY OF VALLEJO is a public entity established
by the laws and Constitution of the State of California, and owns,
operates, manages, directs, and controls the VALLEJO POLICE
DEPARTMENT ("VPD") which employs other defendants in this action.

7.   Defendant Chief of Police JOSEPH KREINS ("KREINS") at
all material times was employed as Chief of Police by Defendant
CITY OF VALLEJO, and was acting within the course and scope of
that employment.  As Chief of Police, Defendant KREINS was a
policy-making official for Defendant CITY OF VALLEJO with the
power to make official and final policy for the VPD.  Defendant
KREINS is being sued in his individual and official capacities.

8.   Defendant Police Officer SEAN KENNEY ("KENNEY") at all
material times was employed as a law enforcement officer by
Defendant City of Vallejo, and was acting within the course and
scope of that employment.  Defendant Kenney is being sued in his
individual capacity.

9.   Despite Plaintiffs' multiple requests for records,
Defendants have not provided Plaintiffs with information
concerning this shooting, including the names of the involved
police officers, any police reports, records of any investigation,

or recordings of this incident.  As a result, the true names and capacities of Defendants sued herein as DOES 1-20 ("DOE defendants") are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.  Each DOE defendant was an employee/agent of the City of VALLEJO and the VPD, and at all material times acted within the course and scope of that relationship.

10.  Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including DOE Defendants.

11.  Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.  Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent,

aid, and assistance to each of the remaining Defendants, and
ratified and/or authorized the acts or omissions of each Defendant
as alleged herein, except as may be hereinafter otherwise
specifically alleged.

12.   At all material times, each Defendant was jointly
engaged in tortious activity, and was an integral participant to
the events and violations of rights described herein, resulting in
the deprivation of Plaintiffs' constitutional rights and other
harm.

13.   The acts and omissions of all Defendants as set forth
herein were at all material times pursuant to the actual customs,
policies, practices and procedures of the VPD.

14.   At all material times, each Defendant acted under color
of the laws, statutes, ordinances, and regulations of the State of
California.

15.   Each Plaintiff herein timely and properly filed tort
claims pursuant to Cal. Gov. Code § 910 et seq., and this action
is timely filed within all applicable statutes of limitation.

16.   This complaint may be pled in the alternative pursuant
to Federal Rule of Civil Procedure 8(d)(2).


**GENERAL ALLEGATIONS**

17.   Plaintiffs reallege each and every paragraph in this
complaint as if fully set forth here.

18.   On or about October 21, 2012, at approximately 1:30 a.m., unidentified members of the VPD, including, on information and belief, Defendant Officer KENNEY, fatally shot JEREMIAH EUGENE MOORE (Decedent) at MOORE's house at 2504 Alameda Street in the City of Vallejo, County of Solano, California.  Defendant KENNEY and possibly other VPD officers shot Decedent MOORE multiple times.

19.   Before arriving, the Defendant VPD officers had been informed and knew that Decedent MOORE was suffering from developmental disabilities including an Autism Spectrum Disorder, mental illness, and/or emotional disturbance.

20.   Upon the VPD officers' arrival, Decedent MOORE was walking naked in the vicinity of the front steps of his house. Decedent MOORE had no weapon in his hands and posed no significant or immediate threat of death or serious bodily harm to Defendant VPD officers or others at the time he was shot.

21.   One or more of Defendant VPD officers commanded Decedent MOORE to get on the ground, while they pointed guns at MOORE. Decedent MOORE said something to the effect of "Okay, Okay, Okay." Decedent MOORE suffered from an autism spectrum disorder which caused him to move his hands and arms when he was nervous. Decedent MOORE had not made any movement or gesture under the circumstances that a reasonable officer would perceive as posing an immediate threat to justify the use of deadly force.

22. Defendant VPD officers unlawfully seized and used excessive force against Decedent MOORE, including but not limited to firing multiple, deliberate gunshots at Decedent MOORE without warning and without legal justification, causing great pain and suffering to Decedent MOORE, and causing his death, as Decedent MOORE moved his hands and arms due to his autism spectrum disorder.

23. At all times, Decedent MOORE had nothing in his hands, was naked, disabled, and emotionally/mentally disturbed, and he did not pose a significant and immediate threat of death or serious physical injury to Defendants, officers, or others. Afterward, Defendant officers and the VPD falsely reported that JEREMIAH MOORE was threatening an officer with a long gun inside the house when he was shot while still inside the house. In fact, JEREMIAH MOORE was unarmed, naked, with nothing in his hands, and was outside of his house when Defendant(s) shot him.

24. At all material times, Defendants VPD officers knew and/or had reason to know that Decedent MOORE was a disabled (Autistic), mentally ill, and/or emotionally disturbed person. Defendants failed to follow generally accepted law enforcement standards and training for safely handling Decedent as a disabled, mentally ill, and/or emotionally disturbed person.

25. Further, as a result of Defendants' unreasonable, reckless, excessive, unlawful, and provocative tactics, Defendants created the situation where deadly force was used.

26. At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Decedent's and Plaintiffs' rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

27. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

       a.    Wrongful death of Jeremiah Moore;

       b.    Hospital and medical expenses (Survival claims);

       c.    Coroner's fees, funeral, and burial expenses (Survival claims);

       d.    Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support (All Plaintiffs, based on wrongful death and loss of familial association);

       e.    Violation of constitutional rights;

       f.    Pain and Suffering, including emotional distress (All Plaintiffs, based on individual §1983 claims for loss of familial association);

       g.    Jeremiah Moore's loss of life, pursuant to federal civil rights law (Survival claims);

h.    Jeremiah Moore's conscious pain and suffering,
                pursuant to federal civil rights law (Survival
                claims);

          i.    All damages, penalties, and attorneys' fees and
                costs recoverable under 42 USC §§ 1983, 1988,
                12205, 29 U.S.C. § 794a, the ADA, the RA,
                California Civil Code §§ 51.7, 52, and 52.1,
                California Code of Civil Procedure § 1021.5, and as
                otherwise allowed under California and United
                States statutes, codes, and common law.


                          **COUNT ONE**
                        **-- 42 USC §1983 --**
          **ALL PLAINTIFFS AGAINST DEFENDANTS KENNEY AND DOES 1-20**

     28.  Plaintiffs reallege each and every paragraph in this
complaint as if fully set forth here.

     29.  By the actions and omissions described above, Defendants
KENNEY and DOES 1-20 violated 42 USC §1983, depriving Plaintiffs
and Decedent MOORE of the following clearly established and well-
settled constitutional rights protected by the First, Fourth and
Fourteenth Amendments to U.S. Constitution:

          a. The right to be free from unreasonable searches and
             seizures as secured by the Fourth and Fourteenth
             Amendments;

          b. The right to be free from excessive and unreasonable
             force in the course of arrest or detention as secured
             by the Fourth and Fourteenth Amendments;

          c. The right to be free from the use of unlawful deadly
             force as secured by the Fourth and Fourteenth
             Amendments;

          d. The right to be free from wrongful government
             interference with familial relationships, and
             Plaintiffs' right to companionship, society and

support of each other, as secured by the First, Fourth and Fourteenth Amendments.

30. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of Jeremiah Moore, Deceased) and others would be violated by their acts and/or omissions.

31. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth at paragraph 27, above. Plaintiffs seek all damages, penalties, costs, and fees permitted by law.

32. The conduct of Defendants KENNEY and DOES 1-20 entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and California law. Plaintiffs do not seek punitive damages against the City of Vallejo or Chief KREINS in his official capacity.

33. Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 USC § 1988, the ADA and RA, and applicable state and federal codes and laws.

**COUNT TWO**
**- 42 USC §1983 (Municipal and Supervisory Liability) -**
**ALL PLAINTIFFS AGAINST DEFENDANTS CITY OF VALLEJO, CHIEF OF POLICE JOSEPH KREINS, AND DOES 1-20**

34. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

35.   Before the shooting of JEREMIAH MOORE, on information and belief Defendant Officer KENNEY and other VPD officers had shot other individuals who did not pose an immediate threat of death or serious injury to anyone; other victims of such shootings were also disabled and/or mentally incapacitated at the time; other such shootings were caused by VPD officers' provocative and unlawful conduct leading up to such shootings; such shootings were known to VPD policymakers including Defendant Chief of Police KREINS; and it was apparent and known to such policymakers and the VPD that such shootings were unlawful and outside of Defendant KENNEY's and other VPD officers' police academy training and generally accepted law enforcement standards.  Notwithstanding such information, VPD policymakers and the VPD took no action to correct deficiencies in VPD training programs and VPD policies and procedures that allowed and encouraged such unlawful uses of deadly force, and specifically took no action to adequately investigate, supervise, discipline, or train Defendant KENNEY and other VPD officers.

36.   The unconstitutional actions and/or omissions of Defendants KENNEY and DOES 1-20, and other officers employed by or acting on behalf of Defendant City of Vallejo, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the VPD, stated in the alternative, which were directed, encouraged, allowed, and/or

ratified by policy-making officials for City of Vallejo and the
VPD:

a.  To use or tolerate the use of excessive and/or
    unjustified force;

b.  To use or tolerate the use of unlawful deadly force;

c.  To fail to use appropriate and generally accepted law
    enforcement policies, procedures, and training in
    handling mentally ill, emotionally disturbed and/or
    medically or developmentally disabled persons;

d.  To fail to use appropriate and generally accepted law
    enforcement policies, procedures, and training in
    handling disabled persons;

e.  To fail to use appropriate and generally accepted law
    enforcement policies, procedures, and training in
    handling persons experiencing medical emergencies;

f.  To fail to accommodate persons with disabilities,
    particularly Autism, mental illness, and/or emotional
    disturbance;

g.  To cover-up violations of constitutional rights by any
    or all of the following:

    i)      by failing to properly investigate and/or
            evaluate complaints or incidents of excessive
            and unreasonable force, deadly force, unlawful
            seizures, and/or handling of mentally ill,
            developmentally disabled, or emotionally
            disturbed persons;

    ii)     by ignoring and/or failing to properly and
            adequately investigate and discipline
            unconstitutional or unlawful police activity;
            and

    iii)    by allowing, tolerating, and/or encouraging
            police officers to: fail to file complete and
            accurate police reports; file false police
            reports; make false statements; intimidate,
            bias and/or "coach" witnesses to give false
            information and/or to attempt to bolster
            officers' stories; and/or obstruct or
            interfere with investigations of

unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

h.  To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

i.  To use or tolerate inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of officer misconduct; and

j.  To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (i) above, with deliberate indifference to the rights and safety of Plaintiffs and the public, and in the face of an obvious need for such policies, procedures, and training programs.

37.  Defendants City of Vallejo, CHIEF KREINS, and DOES 1-20 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants KENNEY and DOES 1-20, and other VPD personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

38.  The unconstitutional actions and/or omissions of Defendants KENNEY and DOES 1-20, and other VPD personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the VPD.  Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized policy makers within City of Vallejo and the VPD, and that such policy makers have direct

knowledge of the fact that the JEREMIAH MOORE shooting was not justified, but represented an unconstitutional use of unreasonable, excessive and deadly force. Notwithstanding this knowledge, the authorized policy makers within the City of Vallejo and the VPD have approved of Defendants Officer KENNEY's and DOES 1-20s' shooting of JEREMIAH MOORE, and have made a deliberate choice to endorse Defendants KENNEY and DOES 1-20s' shooting of JEREMIAH MOORE and the basis for that shooting. By so doing, the authorized policy makers within the City of Vallejo and the VPD have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

39. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants City of Vallejo, Chief KREINS, Officer KENNEY, and DOES 1-20, were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth in Paragraph 29, above.

40. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein,

knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

41.   As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants City of Vallejo, Chief KREINS, and DOES 1-20 as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorneys' fees as set forth in paragraphs 30-33, above, and punitive damages against Defendants KREINS and DOES 1-20 in their individual capacities.

## COUNT THREE
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)(TITLE II)
## AND REHABILITATION ACT (RA)
## AGAINST DEFENDANT CITY OF VALLEJO

42.   Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

43.   Congress enacted the Americans with Disabilities Act ("ADA") upon a finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem."  42 U.S.C. § 121019(a)(2).

44.   The ADA, 42 U.S.C. § 12182(b)(1)(A)(iii), provides in pertinent part that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through

contractual licensing, or other arrangements, with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals."

45.  Decedent was a "qualified individual" with a disability and medical impairments that limited and/or substantially limited his ability to care for himself and control his mental, medical or physical health condition as defined under the ADA, 42 U.S.C. § 12131(2), and Section 504 of the Rehabilitation Act ("RA") of 1973, 29 U.S.C. § 794, 28 C.F.R. 42.540(k).

46.  Defendant City of Vallejo is a public entity whose services, programs, and/or activities are covered under and governed by the ADA and RA, and regulations promulgated under each of these laws.

47.  Defendant is within the mandate of the RA that no person with a disability may be "excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity."  29 U.S.C. § 794.

48.  Further, Plaintiffs are informed and believe and thereon allege that Defendant City of Vallejo receives federal financial assistance.

49.  Under the ADA, the City of Vallejo is mandated to "develop an effective, integrated, comprehensive system for the delivery of all services to persons with mental disabilities and developmental disabilities . . ." and to ensure "that the personal

and civil rights" of persons who are receiving services under its aegis are protected.

50.  Also under the ADA, the City of Vallejo is mandated not to discriminate against any qualified individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a).  The ADA applies generally to police "services, programs, or activities."  42 U.S.C. § 12132.  The ADA applies to arrests, other seizures, and Defendants' contacts with Decedent MOORE.

51.  At all material times and as described herein, Decedent MOORE (1) was an individual with a disability; (2) was otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities, including the City of Vallejo's police services, programs, or activities; (3) was either excluded from participation in or denied the benefits of the City of Vallejo's services, programs or activities or was otherwise discriminated against by the City of Vallejo; and (4) such exclusion, denial of benefits or discrimination was by reason of his disability.

52.  As described herein, Defendants failed to reasonably accommodate Decedent's disability in the course of contacting and seizing him, causing him to suffer greater injury in the process than other detainees or arrestees, including death.

53.  As a direct and proximate result of Defendants'
violations of the ADA and RA, Plaintiffs sustained serious and
permanent injuries and are entitled to damages, penalties, costs
and attorneys' fees as set forth in paragraphs 30-33 above.

**COUNT FOUR**
**-- VIOLATION OF CIVIL CODE §52.1 --**
**ALL PLAINTIFFS AGAINST DEFENDANTS KENNEY, DOES 1-20,**
**AND CITY OF VALLEJO**

54.  Plaintiffs reallege each and every paragraph in this
complaint as if fully set forth here.

55.  By their acts, omissions, customs, and policies, each
Defendant acting in concert/conspiracy, as described above,
interfered with, attempted to interfere with, and violated
Plaintiffs' rights under California Civil Code §52.1, and the
following clearly-established rights under the United States
Constitution and the California Constitution:

      a. The right to be free from unreasonable searches
         and seizures as secured by the Fourth and
         Fourteenth Amendments;

      b. The right to be free from excessive and
         unreasonable force in the course of arrest or
         detention as secured by the Fourth and Fourteenth
         Amendments;

      c. The right to be free from the unreasonable use of
         deadly force as secured by the Fourth and
         Fourteenth Amendments;

      d. The right to be free from wrongful government
         interference with familial relationships, and
         Plaintiffs' right to companionship and society
         with each other, as secured by the First, Fourth
         and Fourteenth Amendments;

e. The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive deadly force, as secured by the California Constitution, Article 1, Section 13;

f. The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

56. Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiffs' rights, Defendants violated Plaintiffs' rights by the following conduct constituting threats, intimidation, or coercion:

a. Threatening Jeremiah Moore with violence, including pointing a gun, or guns, at him, in the absence of any threat presented by Mr. Moore, or any justification whatsoever;

b. Using deliberately reckless and provocative tactics to apprehend Jeremiah Moore in violation of generally accepted law enforcement training and standards, and in violation of Jeremiah Moore's rights;

c. Subjecting Jeremiah Moore to an unreasonable seizure before shooting him by use of Defendants' unreasonable and excessive tactics and force leading up to the shooting;

d. Threatening violence against Jeremiah Moore, with
   the apparent ability to carry out such threats, in
   violation of Civ. Code § 52.1(j);

e. Causing Jeremiah Moore to be shot multiple times,
   without warning and without justification; and

f. Alternatively, with each gunshot evaluated as a
   separate use of force under generally accepted law
   enforcement standards, firing one or more gunshots
   that were unnecessary and unjustified;

g. Violating Jeremiah Moore's rights to be free from
   unlawful seizures by both wrongful arrest and
   excessive force.

57. Defendant CITY OF VALLEJO is vicariously liable for the
violations of state law and tortuous conduct of its police
officers and individual named defendants under California
Government Code section 815.2.

58. As a direct and proximate result of Defendants'
violation of California Civil Code §52.1 and of Plaintiffs' rights
under the United States and California Constitutions, Plaintiffs
sustained injuries and damages, and against these Defendants are
entitled to relief as set forth above at paragraphs 30-33
including all damages allowed by California Civil Code §§ 52,
52.1, and California law, not limited to costs, attorneys fees,

three times actual damages, and civil penalties, and punitive

damages against Defendants KENNEY and Does 1-20.

**COUNT FIVE**
**-- NEGLIGENCE; PERSONAL INJURIES --**
**<u>ALL PLAINTIFFS AGAINST ALL DEFENDANTS</u>**

59.  Plaintiffs reallege each and every paragraph in this

complaint as if fully set forth here.

60.  At all times, each Defendant owed Plaintiffs the duty to

act with due care in the execution and enforcement of any right,

law, or legal obligation.

61.  At all times, each Defendant owed Plaintiffs the duty to

act with reasonable care.

62.  These general duties of reasonable care and due care

owed to Plaintiffs by all Defendants include but are not limited

to the following specific obligations:

      a.   to refrain from using excessive and/or unreasonable
          force against Jeremiah Moore;

      b.   to refrain from unreasonably creating the situation
          where force, including but not limited to deadly
          force, is used;

      c.   to refrain from abusing their authority granted
          them by law;

      d.   to use tactics and force appropriate for a
          disabled, mentally ill and/or emotionally disturbed
          person having a medical emergency;

      e.   to refrain from violating Plaintiffs' rights
          guaranteed by the United States and California
          Constitutions, as set forth above, and as otherwise
          protected by law.

63. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants City of Vallejo, Chief KREINS, and Does 1-20, include but are not limited to the following specific obligations:

    a.    to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

    b.    to make, enforce, and at all times act in conformance with policies, training, and customs that are lawful and protective of individual rights, including Plaintiffs'.

    c.    to refrain from making, enforcing, and/or tolerating the wrongful policies, training, and customs set forth at paragraph 36, above.

64. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.

65. Defendant CITY OF VALLEJO is vicariously liable for the violations of state law and tortuous conduct of its police officers and individual named defendants under California Government Code section 815.2.

66. As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at paragraphs 30-33, and punitive damages against Defendants Chief KREINS, KENNEY, and DOES 1-20 in their individual capacities.

**COUNT SIX**
**-- ASSAULT AND BATTERY --**
**ALL PLAINTIFFS AGAINST DEFENDANTS KENNEY, DOES 1-20,**
**AND CITY OF VALLEJO**

67. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

68. The actions and omissions of Defendants DOES 1-20 and City of Vallejo as set forth above constitute assault and battery.

69. Defendant CITY OF VALLEJO is vicariously liable for the violations of state law and tortuous conduct of its police officers and individual named defendants under California Government Code section 815.2.

70. As a direct and proximate result of Defendants' assault and battery of Jeremiah Moore, Plaintiffs sustained injuries and damages, and are entitled to relief as set forth above at paragraphs 30-33, and punitive damages against Defendants KENNEY and Does 1-20.

**COUNT SEVEN**
**-- VIOLATION OF CALIFORNIA CIVIL CODE §51.7 --**
**ALL PLAINTIFFS AGAINST DEFENDANTS KENNEY, DOES 1-20 AND CITY OF**
**VALLEJO**

71. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

72. By their acts, omissions, customs, and policies, Defendants KENNEY, Does 1-20 and the City of Vallejo, acting in concert/conspiracy, as described above, violated Plaintiffs' rights secured by California Civil Code §51.7 to be free from any violence, or intimidation by threat of violence, committed against

1  Jeremiah Moore, because of his disability and/or psychiatric

2  condition.

3      73.  Defendant CITY OF VALLEJO is vicariously liable for the

4  violations of state law and tortuous conduct of its police

5  officers and individual named defendants under California

6  Government Code section 815.2.

7

8      74.  As a direct and proximate result of Defendants'

9  violation of California Civil Code §51.7, Plaintiffs sustained

10  injuries and damages, and are entitled to relief as set forth

11  above at paragraphs 30-33, and all damages allowed by California

12  Civil Code §§52, 51.7, and California law, including but not

13  limited to attorneys' fees, costs, three times actual damages,

14  civil penalties, and punitive damages against Defendants KENNEY

15  and Does 1-20.

16

17      WHEREFORE, Plaintiffs respectfully request the following

18  relief against each and every Defendant herein, jointly and

19  severally:

20          a.   compensatory and exemplary damages in an amount
               according to proof and which is fair, just and
21             reasonable;

22
           b.   punitive damages under 42 USC §1983 and California
23             law in an amount according to proof and which is
               fair, just, and reasonable (punitive damages are
24             not sought against the City of Vallejo or Chief
               KREINS in his official capacity);
25
           c.   all other damages, penalties, costs, interest, and
26             attorneys' fees as allowed by 42 USC §§ 1983, 1988,
27             and 12205 and Title II of the ADA, 29 U.S.C. §§ 794
               and 794a, Cal. Code of Civ. Proc. §§ 377.20 et
28

seq., 377.60 et seq., and 1021.5, Cal. Civil Code §§ 52 et seq., 52.1, 51.7, and as otherwise may be allowed by California and/or federal law;

d.     Injunctive relief, including but not limited to the following:

    i.     an order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiffs and others to be free from unreasonable searches and seizures and excessive and unreasonable force, in particular the use of deadly force where the need for such force was created by Defendants' unlawful and provocative pre-shooting conduct;

    ii.    an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for seizing and detaining individuals, particularly persons with disabilities, Autism Spectrum Disorders, persons experiencing a medical emergency, and mentally ill or emotionally disturbed persons;

    iii.   an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

    iv.    an order requiring Defendants to train all VPD law enforcement officers concerning generally accepted and proper tactics and procedures for the use of deadly force and this Court's orders concerning the issues raised in injunctive relief requests i-iii, above;

    v.     an order requiring Defendants to train all VPD Officers concerning generally accepted and proper tactics and procedures for handling disabled, Autistic, mentally ill, and

```
                    emotionally disturbed persons, persons
                    having a medical emergency, and this
                    Court's orders concerning the issues
                    raised in injunctive relief requests
                    i-iii, above;

        e.    such other and further relief as this Court may
              deem appropriate.


DATED: April 29, 2014            HADDAD & SHERWIN


                         /s/Michael J. Haddad_____
                           MICHAEL J. HADDAD
                           Attorneys for Plaintiffs
```

## JURY DEMAND

Plaintiffs hereby request a trial by jury.


DATED: April 29, 2014          HADDAD & SHERWIN


                              /s/Michael J. Haddad_____
                              MICHAEL J. HADDAD
                              Attorneys for Plaintiffs