**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY: FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA 94590
Tel: (707) 648-4545
Fax: (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, JOSEPH KREINS AND SEAN KENNEY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| LISA MOORE and EUGENE MOORE, Individually and as Co- Successors in Interest of Decedent JEREMIAH EUGENE MOORE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, a public entity; CITY OF VALLEJO POLICE CHIEF JOSEPH KREINS, in his individual and official capacities; OFFICER SEAN KENNEY, individually; and DOES 1-20, individually, jointly and severally,<br><br>Defendants. | **Case No. 2:14-CV-00656-JAM-KJN**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THERETO**<br><br>**JUDGE:** John A. Mendez<br>**DATE:** August 20, 2014<br>**TIME:** 9:30 a.m.<br>**CTRM:** 6, 14th Floor<br><br>**TRIAL:** None Set |

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

//

//

//

**Cases**

*Albrecht v. Lund*
845 F.2d 193 (9th Cir. 1988) .......... 8

*Albright v. Oliver*
510 U.S. 266 (1994).......... 9

*Ashcroft v. Iqbal*, (2009)
556 U.S. 662, 129 S. Ct. 1937, 1949 .......... 5, 7, 8, 9

*Balistreri v. Pacifica Police Dept.*
901 F.2d 696 (9th Cir. 1990) .......... 6, 16

*Beck v. City of Upland*
527 F.3d 853 (9th Cir. 2008) .......... 13

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007).......... 5, 7, 8, 9

*Board of the County Commissioners of Bryan County v. Brown*
520 U.S. 397 (1996).......... 10

*Chavez v. U.S.* (9th Cir. 2012)
683 F.3d 1102, 1109. .......... 8

*Christie v. Iopa*
176 F.3d 1231 (9th Cir. 1999) .......... 13

*City of Canton v. Harris* (1988)
489 U.S. 378, 389 .......... 10

*City of Canton v. Harris*
489 U.S. 378 (1988).......... 10, 15

*Clegg v. Cult Awareness* Network
18 F.3d 752 (9th Cir. 1994) .......... 7

*Clouthier v. County of Contra Costa*
591 F.3d 1232 (9th Cir. 2010) .......... 10

*Conley v. Gibson*
355 U.S. 41 (1957).......... 6

*Connick v. Thompson*
131 S.Ct. 1350 (2011).......... 14

*County of Sacramento v. Lewis*
523 U.S. 833 (1998) .......... 9

*De La Cruz v. Tormey*
582 F.2d 45 (9th Cir. 1978) .......... 6

*Dougherty v. City of Covina*
654 F.3d 892 (9th Cir. 2011) .......... 15

*Gillette v. Delmore*
979 F.2d 1342 (9th Cir. 1992) .......... 13

*Graham v. Connor*, 490 U.S. 386 (1989) .......... 9

*Hernandez v. County of Tulare*, (9th Cir. 2012)
666 F.3d 631, 637 .......... 8

*Levine v. Diamanthuset*,
50 F.2d 1278 (9th Cir. 1991) .......... 6

*Lopez v. Smith*
203 F.3d 1122 (9th Cir. 2000) .......... 8

*Maya v. Centex Corp* (9th Cir. 2011)
658 F.3d 1060, 1067-1068 .......... 8

*Moss v. U.S. Secret Service*
572 F.3d 962 (9th Cir. 2009) .......... 7

*Nelson v. State of California* (1982)
139 Cal.App.3d 72, 79 .......... 16

*Polk County v. Dodson*
454 U.S. 312 (1981) .......... 10

*SEC v. Seaboard Corp.*
677 F.2d 1315 (9th Cir. 1982) .......... 7

*Starr v. Baca*, (9th Cir. 2011)
652 F.3d 1202, 1216.) .......... 8

*Turner v. State of California* (1991)
232 Cal.App.3d 883, 888 .......... 16, 17

*Western Mining Council v. Watt*
643 F.2d 618 (9th Cir. 1981) .......... 7

**Case No. 2:14-CV-00656-JAM-KJN**

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

.2

*Whitaker v. Garcetti*
486 F.3d 572 (9th Cir. 2007) .......... 11

**Statutes**

42 U.S.C. §1983 .......... 6, 9, 16

California Civil Code §51.7 .......... 18

California Civil Code §52.1 .......... 18

California Government Code § 910 .......... 17

**Rules**

Federal Rules of Civil Procedure, Rule 12(b) .......... 4, 6, 7

Federal Rules of Civil Procedure, Rule 8 .......... 8

Case No. 2:14-CV-00656-JAM-KJN

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

3

# NOTICE

**TO PLAINTIFFS:**

PLEASE TAKE NOTICE that on August 20, 2014, at 9:30 a.m. or as soon thereafter as the matter may be heard in Courtroom 25 of the above-entitled Court, located at 501 I Street, Sacramento, California, Defendants CITY OF VALLEJO, CITY OF VALLEJO POLICE CHIEF JOSEPH KREINS and OFFICER SEAN KENNEY will and hereby do move this Court for an order granting dismissal of the claims specified below and contained in Plaintiffs' Complaint, for failure to state any claim upon which relief can be granted.

This motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b), as set forth more fully in the Memorandum of Points and Authorities below, on the grounds that dismissal is appropriate because Plaintiffs' complaint fails to allege facts sufficient to state claims upon which relief can be granted against Defendants.

This motion is based on this notice, the memorandum of points and authorities, the papers and pleadings on file herein, and on such oral and documentary evidence as may be adduced at the hearing of this matter. Defendants also request a jury trial in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs Lisa and Eugene Moore bring this wrongful death action against Defendants CITY OF VALLEJO, CITY OF VALLEJO POLICE CHIEF JOSEPH KREINS and OFFICER SEAN KENNEY for violation of civil rights under 42 U.S.C. §1983 for an incident that allegedly occurred on October 21, 2012, wherein they aver that their son, Jeremiah Eugene Moore, was shot and killed by Vallejo Police Officers. Plaintiffs' Complaint fails to state facts sufficient to state the claims alleged against Defendants, relying only on "naked assertions" devoid of "further factual enhancement." (*Ashcroft v. Iqbal*, (2009) 556 U.S. 662, 129 S. Ct. 1937, 1949 and *Bell Atlantic Corp. v. Twombly*, (2007) 550 U.S. 544.)

The complaint is subject to dismissal for the following reasons:

- Plaintiffs' First Cause of Action premised on 42 U.S.C. 1983 fails to state sufficient facts to sustain a cause of action and is subject to dismissal under Federal Rules of Civil Procedure, Rule 12(B)(6); and
- Plaintiffs' Second Cause of Action fails to state a *Monell* municipal liability claim against the City; and
- The Fourth, Fifth, Sixth, and Seventh Causes of Action were not included in the prerequisite California Government Tort claim and do not state facts sufficient to constitute a cause of action.

## II.

## CHARGING ALLEGATIONS

Plaintiffs allege that on October 21, 2012, "Defendant Officer Kenney, fatally shot Jeremiah Eugene Moore (Decedent) at Moore's house at 2504 Alameda Street." (First Amended Complaint ("FAC"), ¶18.) Prior to the shooting, Plaintiffs assert that Defendants had knowledge that, "Decedent was suffering from developmental disabilities including an Autism Spectrum Disorder, mental illness, and/or emotional disturbance." (FAC, ¶19.)

Plaintiffs recount the facts as follows:

- Decedent was "walking naked in the vicinity of the front steps

Case No. 2:14-CV-00656-JAM-KJN

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

5

of his house with no weapon in his hands at that the time he was shot."

- VPD Officers "commanded Decedent to get on the ground, while they pointed guns at him."
- Moore responded with "Okay, Okay, Okay."
- Decedent "suffered from an autism spectrum disorder which caused him to move his hands and arms when he was nervous."
- Defendants fired multiple, deliberate gunshots at Decedent causing his death. (FAC, ¶¶19, 21-22.)

As a result, Plaintiffs aver that "Decedent Moore had nothing in his hands, was naked, disabled, and emotionally/mentally disturbed, and he did not pose a significant and immediate threat of death or serious physical injury to Defendants, Officers, or others." Moreover, Plaintiffs assert that "Defendant Officers and the VPD falsely reported that Jeremiah Moore was threatening an Officer with a long gun inside the house when he was shot while still inside the house." (FAC, ¶23.)

Consequently, Plaintiffs make the following claims: wrongful death survival, loss of familial relationships, and pain and suffering. (FAC, ¶27.)

## III.

## ARGUMENT

### A. PLAINTIFFS' FIRST CAUSE OF ACTION PREMISED ON 42 U.S.C. 1983 FAILS TO STATE SUFFICIENT FACTS TO SUSTAIN A CAUSE OF ACTION AND IS SUBJECT TO DISMISSAL UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)

A Rule 12(b) motion to dismiss tests the legal sufficiency of the claims stated in the complaint. (*Levine v. Diamanthuse* (9th Cir. 1991) 950 F.2d 1478, 1483.) Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699.) In determining the adequacy of the pleading, the Court must determine whether Plaintiffs would be entitled to some form of relief if the facts alleged in the complaint were true. (*Conley v. Gibson*, (1957) 355 U.S. 41, 45-46; *De La Cruz v. Tormey*, (9th Cir. 1978) 582 F.2d 45, 48.) However, the Court need not accept as true, conclusionary allegations, unreasonable inferences, legal characterizations or unwarranted deductions of fact contained in the complaint.

Case No. 2:14-CV-00656-JAM-KJN

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

6

(*Clegg v. Cult Awareness Network*, (9th Cir. 1994) 18 F.3d 752, 754-755; *Western Mining Council v. Watt*, (9th Cir. 1981) 643 F.2d 618, 630.)

*Iqbal* emphasizes that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but **it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation. ... A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"** (*Iqbal, supra*, at 1949, citing *Twombly,* 550 U.S. at 555, emphasis added.)

To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ... A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. ... The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant has acted unlawfully. ... Where a complaint pleads facts that are 'merely consistent with' a Defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" (*Iqbal*, *supra*, at 1949; *see also, Moss v. U.S. Secret Service*, (9th Cir. 2009) 572 F.3d 962, 969.)

In fact, *Iqbal* emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. ... Rule 8 ... does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions....[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. . . . where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" (*Iqbal, supra*, at 1950.) As our Ninth Circuit recognizes:

> First, to be entitled to the presumption of truth, allegations in a complaint ... may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not

> unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. (*Hernandez v. County of Tulare*, (9th Cir. 2012) 666 F.3d 631, 637; *Starr v. Baca,* (9th Cir. 2011) 652 F.3d 1202, 1216.)

"*Twombly* and *Iqbal* ... distilled to their essence, impose two requirements. First, the reviewing court ... is not required to credit legal conclusions...Second, the complaint cannot survive a motion to dismiss unless it alleges facts that plausibly (not merely conceivably) entitle Plaintiff to relief." (*Maya v. Centex Corp* (9th Cir. 2011) 658 F.3d 1060, 1067-1068.) "Thus, a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." (*Chavez v. U.S.* (9th Cir. 2012) 683 F.3d 1102, 1109.)

Further, "leave to amend may be denied ... if amendment of the complaint would be futile...If the district court determines that the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' then the dismissal without leave to amend is proper." (*Albrecht v. Lund*, (9th Cir. 1988) 845 F.2d 193, 195; *Lopez v. Smith* (9th Cir. 2000) 203 F.3d 1122, 1129.)

Plaintiffs' First Cause of Action asserts that Defendants "violated 42 U.S.C. §1983, depriving Plaintiffs and Decedent Moore of the following clearly established and well-settled constitutional rights protected by the First, Fourth and Fourteenth Amendment to the U.S. Constitution":

> a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;
> b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;
> c. The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;
> d. The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship, society and support of each other, as secured by the First, Fourth and Fourteenth Amendments.
> (FAC, ¶29.)

These allegations are completely devoid of *any factual* content. Not only are they "conclusionary and naked assertions" but they do not even recite the elements of a cause of

action. Thus, no reasonable assertion can be made that Defendants could be liable for such conduct. Plaintiff has merely identified possible causes of action as if it were an outline of stream of consciousness and not a Complaint. As a consequence, these claims should be dismissed because they do not meet the heightened pleading requirements of *Twombly* and *Iqbal*.

**1. Notwithstanding, Plaintiffs' First Cause of Action claims are subject to dismissal to the extent they are based on the Fourteenth Amendment.**

Plaintiffs assert claims on Decedent's behalf under the Fourteenth Amendment for violation of the "right to be free from unreasonable searches and seizures," "deprivation of life or liberty without due process" and "deadly force." (FAC, ¶29.) Plaintiffs' reliance on the Fourteenth Amendment as the basis for such claims is improper.

The Fourteenth Amendment is inapplicable to Plaintiffs' claims because the Fourth Amendment protects against unreasonable searches and seizures. It is well settled that where "a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment ... must be the guide for analyzing these claims.'" (*Graham v. Connor* (1989) 490 U.S. 386, 394.)

The Fourteenth Amendment confers both substantive and procedural rights. (*Albright v. Oliver* (1993) 510 U.S. 266, 272.) "'As a general matter, the Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decision making in this unchartered area are scarce and open-ended.' The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." (*Id.* at 271-272.) In areas of criminal procedure, such as claims to be free from excessive force, the Court applies the specific guarantees of particular Amendments rather than the more generalized language of the Fourteenth Amendment. (*Id.*)

The Fourth Amendment protects against *unreasonable* searches and seizures. (*County of Sacramento v. Lewis* (1997) 523 U.S. 833, 842, *Graham, supra*, at 394.) "The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." (*Albright, supra*, at 274.) Claims for excessive force thus are limited to Fourth Amendment analysis because the Fourth Amendment specifically addresses unlawful searches

**Case No. 2:14-CV-00656-JAM-KJN**

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

9

and seizures. (*Graham, supra*, at 394.) "**All claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.**" [Emphasis added.] (*Id.*)

Plaintiffs' First Cause of Action makes clear that their claims are for unreasonable use of force against Decedent. The Fourth Amendment provides an explicit textual source of protection against unlawful seizures, thus *all* their claims for pretrial deprivations of liberty must arise under the Fourth Amendment and not the more generalized parameters of the Fourteenth Amendment. The Fourteenth Amendment claims should be dismissed without leave to amend.

### B. PLAINTIFFS' SECOND CAUSE OF ACTION FAILS TO STATE A *MONELL* MUNICIPAL LIABILITY CLAIM AGAINST THE CITY

Plaintiffs' Second Cause of Action for *Monell* municipal liability is unsupported by any facts. It is well settled that a "municipality cannot be held liable ... under § 1983 on a respondeat superior theory." (*Monell*, 436 U.S. at 691; *Clouthier*, 591 F.3d 1232.) Local governing bodies can be sued directly under Section 1983 only where the alleged unconstitutional conduct is the result of an official policy, pattern or practice. (*Id.* at 690.) "[A] municipality can be liable under § 1983 **only where its policies are the moving force behind the constitutional violation**." (*City of Canton v. Harris* (1988) 489 U.S. 378, 389, emphasis added.)

"[A] Plaintiff must show that the municipal action was taken with the requisite degree of culpability and **must demonstrate a direct causal link between the municipal action and the deprivation of federal rights**." (*Board of the County Commissioners of Bryan County v. Brown* (1996) 520 U.S. 397, 404, emphasis added.) "Where a Plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees." (*Id.* at 405.) "To the extent that we have recognized a cause of action under § 1983 based on a single decision attributable to a municipality, we have done so only where the evidence that the municipality had acted and that

the Plaintiff had suffered a deprivation of federal rights also proved fault and causation." (*Id.*)

Plaintiffs' complaint contains only conclusions that Defendants have "shot other individuals who did not pose an immediate threat of death or serious injury to anyone; other victims of such shootings were also disabled and/or mentally incapacitated at the time; other such shootings were caused by VPD Officers' provocative and unlawful conduct leading up to such shootings; such shootings were known to VPD policymakers including Defendant Chief of Police Kreins; and it was apparent and known to such policymakers and the VPD that such shootings were unlawful and outside of Defendant Kenney's and other VPD Officers' police academy training an generally accepted law enforcement standards. Notwithstanding such information, VPD policymakers and the VPD took no action to correct deficiencies in VPD training programs and VPD policies and procedures that allowed and encouraged such unlawful uses of deadly force, and specifically took no action to adequately investigate, supervise, discipline, or train Defendant Kenney and other VPD Officers." (FAC, ¶35.)

Plaintiffs' conclusory allegations are wholly unsupported by any facts and constitute nothing more than an improper "formulaic recitation of the elements" of *Monell* liability. The complaint fails to state a cognizable *Monell* claim under any theory.

**1. Policy, Pattern Or Practice**

First, the complaint fails to state facts to state any *Monell* claim against the City based upon a municipal policy. To state a valid *Monell* claim based upon a municipal policy, Plaintiffs "must establish that 'the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [they] suffered.'" [Brackets in original.] (*AE ex rel. Hernandez v. County of Tulare* (9th Cir. 2012) 666 F.3d 631, 636, *citing Whitaker v. Garcetti* (9th Cir. 2007) 486 F.3d 572, 581.) Plaintiffs identify the following policies:

a. To use or tolerate the use of excessive and/or unjustified force;
b. To use or tolerate the use of unlawful deadly force;
c. To fail to use appropriate and generally accepted law enforcement policies, procedures, and training in handling mentally ill, emotionally disturbed and/or medically or developmentally disabled persons;
d. To fail to use appropriate and generally accepted law enforcement policies, procedures, and training in handling disabled persons;

e. To fail to use appropriate and generally accepted law enforcement policies, procedures, and training in handling persons experiencing medical emergencies;

f. To fail to accommodate persons with disabilities, particularly Autism, mental illness, and/or emotional disturbance;

g. To cover-up violations of constitutional rights by any or all of the following:

  i. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, deadly force, unlawful seizures, and/or handling of mentally ill, developmentally disabled, or emotionally disturbed persons;

  ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

  iii. by allowing, tolerating, and/or encouraging police Officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster Officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

h. To allow, tolerate, and/or encourage a "code of silence" among law enforcement Officers and police department personnel, whereby an Officer or member of the department does not provide adverse information against a fellow Officer or member of the department;

i. To use or tolerate inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of Officer misconduct; and

j. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (i) above, with deliberate indifference to the rights and safety of Plaintiffs and the public, and in the face of an obvious need for such policies, procedures, and training programs. (FAC, ¶36.)

Plaintiffs have not identified any municipal policies. Rather, they have just pled sinister allegations with no facts to even suggest that these are City-endorsed policies. Thus, they have failed to state any facts to show any policy, pattern or practice of the City that resulted in constitutional violations, and have failed to illustrate any causal connection between a municipal policy and the alleged injuries.

Case No.  2:14-CV-00656-JAM-KJN                    DEFENDANTS' NOTICE OF MOTION
AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT

12

**2. Ratification**

Second, the Complaint fails to state facts to state a *Monell* claim based on ratification. "To show ratification, Plaintiffs must prove that the 'authorized policymakers approve a subordinate's decision and the basis for it.'" (*Christie v. Iopa* (9th Cir. 1999) 176 F.3d 1231, 1239.) It requires that municipal policymakers make a deliberate choice to endorse a subordinate's decision and the basis for it. (*Gillette v. Delmore* (9th Cir. 1992) 979 F.2d 1342, *Clouthier, supra,* 591 F.3d at 1250.) "For example, it is well settled that a policymaker's mere refusal to overrule a subordinate's completed act does not constitute approval. **'To hold cities liable under section 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle *respondeat superior* liability into section 1983.**'" (*Christie*, *supra*, at 1239-1240, emphasis added.) "**We decline to endorse this end run around *Monell*.**" (*Gillette*, *supra*, at 1348, (no municipal liability where there was no evidence of a deliberate choice to endorse unconstitutional employment decision and the basis for it).) "The Ninth Circuit appears to require something more than a failure to reprimand to establish a municipal policy or ratification." (*Kanae v. Hodson* (D. Haw. 2003) 294 F. Supp. 2d, 1179, 1189; *Arres v. City of Fresno,* 2011 WL284971 at *17; *Nadell v. Las Vegas Metro Police Dept.* (9th Cir. 2001) 268 F.3d 924, 929-30[1]. Plaintiffs must show municipal policymakers knew of unconstitutional conduct by the subordinate *before the alleged constitutional violations ceased.* (*Christie*, *supra*, at 1239-1240.)

Plaintiffs' complaint fails to state any facts showing the City knew of Officer Kenney's conduct or any other unnamed officer's conduct and approved of any of their actions and the bases for them, and no facts showing a "conscious affirmative choice" to follow a particular course of action when faced with various alternatives. The ratification claim is based on factually unsupported conclusions that:

- The unconstitutional actions and/or omissions of "Defendants were approved, tolerated and/or ratified by policy-making

[1] Abrogated in part on other unrelated grounds, as recognized in *Beck v. City of Upland* (9th Cir. 2008) 527 F.3d 853.

Officers for the VPD."

- Policy makers had "direct knowledge of the fact that the Jeremiah Moore shooting was not justified, but represented an unconstitutional use of unreasonable, excessive and deadly force."
- Notwithstanding this knowledge, "the authorized policy makers within the City of Vallejo and the VPD have approved of Defendants Officer Kenney's and DOES 1-20s' shooting of Jeremiah Moore, and have made a deliberate choice to endorse Defendants Kenney and DOES 1-20s' shooting of Jeremiah Moore and the basis for that shooting. By so doing, the authorized policy makers within the City of Vallejo and the VPD have shown affirmative agreement with the individual defendant Officers' actions, and have ratified the unconstitutional acts of the individual defendant Officers." (FAC, ¶38.)

The complaint contains no facts at all to support such conclusions, and shows nothing more than an alleged failure to reprimand *after the fact,* which cannot form the basis for a § 1983 *Monell* ratification claim. Plaintiffs' municipal liability claim based upon ratification is inadequate and falls well short of the pleading requirements set forth in *Iqbal,* and *Twombly.*

**3. Inadequate Training**

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." (*Connick v. Thompson*, 563 U.S. __, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011).)

To impose municipal liability for inadequate training Plaintiffs must show "deliberate indifference to a constitutional right. This standard is met when 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights that the policymaker of the city can reasonably be said to have been deliberately indifferent to the need.'" (*Clouthier,* 591 F.3d at 1249, *citing City of Canton*, *supra*, at 390.) *Connick* explained:

> "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." ...A less stringent standard of fault for a failure-to-train claim would result in *de facto respondeat superior* liability on municipalities...

> A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train. ... Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.
>
> (*Connick*, *supra*, at 1360; *see also Dougherty v. City of Covina* (9th Cir. 2011) 654 F.3d 892, 900.)

"Although this is a high standard, the Supreme Court warned against diluting the requirement that a local government can be held liable only for an action or inaction that amounts to an official policy ... In virtually every instance where a person has had his or her constitutional rights violated ...a § 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident. Thus, permitting cases against cities for their 'failure to train' employees to go forward under § 1983 on a lesser standard of fault would result in *de facto respondeat superior* liability on municipalities – a result . . . rejected in *Monell*." (*Clouthier, supra*, at 1250.)

Plaintiffs' complaint here contains <u>no facts</u> to meet the "high standard" to show municipal liability for inadequate training. The complaint mentions training in passing only. Specifically, Plaintiffs allege that Defendants "failure to properly hire, train, instruct, monitor, and supervise" was a "moving force and/or proximate cause of the deprivations of the Plaintiffs' clearly-established and well-settled constitutional rights in violation of 42 U.S.C. §1983." (FAC, ¶39.)

There are no <u>*facts*</u> alleged showing "a pattern of similar constitutional violations by untrained employees," or that any other Vallejo Police Department Officer's training was inadequate, that the City made a deliberate or conscious choice to so train its Officers, or that the training the Officers received caused a constitutional violation. The factually devoid allegations do not support a reasonable inference that Officers received inadequate training, or that any particular Officer's training did not meet certain standards, and there are no facts as to how the training was deficient or how any deficiency was causally related to the incident. Plaintiffs' allegations are simply conclusions that the City failed to adequately train Vallejo Police Officers.

As a consequence, the complaint fails to state a § 1983 municipal liability claim for inadequate training.

Plaintiffs' factually unsupported assertions are merely a "formulaic recitation of the elements" of *Monell* liability. These "threadbare recitals of the elements ... supported by mere conclusory statements" patently are inadequate. (*Iqbal*, *supra*, at 1950.) Plaintiffs' "conclusions couched as factual allegations," are insufficient to meet their pleading burden and fail to support a *Monell* claim under any theory. (*Id.*)

**C. THE FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION WERE NOT INCLUDED IN THE PREREQUISITE CALIFORNIA GOVERNMENT TORT CLAIM AND DO NOT STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION**

"Before a complaint may be filed against a governmental entity such entity must be presented with a claim in the form required by California Government Code § 910. This claim must include '[a] general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim'." (*Turner v. State of California* (1991) 232 Cal.App.3d 883, 888.)

"It is...necessary for the claim served on the governmental entity to describe fairly what that entity is alleged to have done. If a Plaintiff relies on more than one theory of recovery against the State, each cause of action must have been reflected in a timely claim. In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim." (*Nelson v. State of California* (1982) 139 Cal.App.3d 72, 79.)

The factual circumstances described in Plaintiffs government tort claim are of wrongful death. Specifically, Plaintiffs assert that the "Vallejo Police Department shot their son while he was unarmed", causing his death. (*See* Request for Judicial Notice, Exhibit 1.) However in Plaintiffs' complaint, they make the following *additional* claims:

- FOURTH CAUSE OF ACTION (Violation of Civil Code §52.1):

Case No. 2:14-CV-00656-JAM-KJN

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

16

"By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, interfered with, attempted to interfere with, and violated Plaintiffs' rights under California Civil Code §52.1" by threats, intimidation, or coercion including: "threatening Jeremiah Moore with violence, including pointing a gun, or guns, at him, in the absence of any threat presented by Mr. Moore, or any justification whatsoever"; "causing Jeremiah Moore to be shot multiple times, without warning and without justification; Alternatively, with each gunshot evaluated as a separate use of force under generally accepted law enforcement standards, firing one or more gunshots that were unnecessary and unjustified; Violating Jeremiah Moore's rights to be free from unlawful seizures by both wrongful arrest and excessive force." (FAC ¶¶ 55,56.)

- <u>FIFTH CAUSE OF ACTION (Negligence; Personal Injuries)</u>:
  "At all times, each Defendant owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs." (FAC, ¶¶ 60-64.)

- <u>SIXTH CAUSE OF ACTION (Assault and Battery)</u>:
  "The actions and omissions of Defendants DOES 1-20 and City of Vallejo as set forth above constitute assault and battery." (FAC, ¶68.)

- <u>SEVENTH CAUSE OF ACTION (Violation of California Civil Code §51.7)</u>:
  "By their acts, omissions, customs, and policies, Defendants KENNEY, Does 1-20 and the City of Vallejo, acting in concert/conspiracy, as described above, violated Plaintiffs' rights secured by California Civil Code §51.7 to be free from any violence, or intimidation by threat of violence, committed against Jeremiah Moore, because of his disability and/or psychiatric condition." (FAC, ¶72.)

Nowhere does the claim so much as mention or intimate violations of the Unruh Act or the Bane Act. These causes of action concern threats or intimidation and the claim's facts are premised on wrongful death. Moreover, one searches in vain for references to Negligence and Assault and Battery.

In *Turner,* "[t]he Plaintiff was shot in the elbow in parking lot A of Cal Expo in Sacramento…[but] did not see his assailant." (*Turner, supra*, at 887.) The Plaintiff's lawsuit later included "dangerous condition of public property." (*Id.*) The State "moved for summary judgment based solely upon a failure to provide adequate security." The "Plaintiff responded with evidence of inadequate lighting in parking lot A" and "contended that the general charge in his claim of 'dangerous conditions of property' was broad enough to include an allegation of

inadequate lighting and was therefore substantial compliance with the tort claim requirement." (*Id.* at 880 and 890.) *Turner* disagreed: "the allegations Plaintiff seeks to introduce are completely different from those contained in the claim. Read in its entirety, the dangerous condition alleged in the claim is known criminal activity, not inadequate lighting. The new allegations constitute a complete shift in theory from what the defendants are alleged to have done to cause Plaintiff's injuries." (*Id.* at 890-91.)

*Turner* emphasized that "any contention of substantial compliance is unavailing where the Plaintiff seeks to impose upon the defendant public entity the obligation to defend a lawsuit based upon a set of facts entirely different from those first noticed. Such an obvious subversion of the purposes of the claims act, which is intended to give the governmental agency an opportunity to investigate and evaluate its potential liability, is unsupportable. The claim here alleged one factual scenario, i.e., the presence of criminal activity; plaintiff is attempting to introduce another, i.e., inadequate lighting." (*Id.*) Thus, the allegation in the claim, dangerous condition of public property, was not "broad enough to encompass those in the complaint." (*Id.*)

Here, Plaintiffs' new allegations likewise introduce a shift in theory from the factual scenario of a "wrongful death claim" to the factual scenarios and *theories of liability* for the Unruh Act, Negligence, Assault and Battery, or the Bane Act.

There is no nexus between a wrongful death claim and claims for the Unruh Act, Negligence, Assault and Battery, or the Bane Act. Simply, the Plaintiff did not comply with the criteria for an adequate governmental tort claim pursuant to Government Code § 945.4. Thus, the Fourth, Fifth, Sixth, and Seventh Causes of Action are not justiciable against Defendants and should be dismissed.

//

//

//

//

//

//

**Case No. 2:14-CV-00656-JAM-KJN**

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

18

## IV.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that their motion to dismiss be granted.

DATED: June 30, 2014

Respectfully submitted,

*/s/ Furah Z. Faruqui*
FURAH Z. FARUQUI
Deputy City Attorney
Attorney for Defendants, CITY OF VALLEJO, JOSEPH KREINS AND SEAN KENNEY

**Case No. 2:14-CV-00656-JAM-KJN**

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

19

**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY: FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA 94590
Tel: (707) 648-4545
Fax: (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, JOSEPH KREINS AND SEAN KENNEY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| LISA MOORE and EUGENE MOORE, Individually and as Co- Successors in Interest of Decedent JEREMIAH EUGENE MOORE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, a public entity; CITY OF VALLEJO POLICE CHIEF JOSEPH KREINS, in his individual and official capacities; OFFICER SEAN KENNEY, individually; and DOES 1-20, individually, jointly and severally,<br><br>Defendants. | **Case No. 2:14-CV-00656-JAM-KJN**<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>**JUDGE: John A. Mendez**<br>**DATE: August 20, 2014**<br>**TIME: 9:30 a.m.**<br>**CTRM: 6, 14th floor**<br><br>**TRIAL: None Set** |

Pursuant to Federal Rule of Evidence 201, Defendants CITY OF VALLEJO, JOSEPH KREINS and SEAN KENNEY respectfully request that the Court take judicial notice of the following documents in support of Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6):

1. A true and correct copy of the Government Tort Claim filed by Lisa and Eugene Moore on March 22, 2013, attached hereto as Exhibit 1.

The Government Tort Claim is judicially noticeable as public record. (*See Reyn's Pasta*

Case No. 2:14-CV-00656-JAM-KJN

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

-1-

*Bella, LLC, v. Visa USA, Inc.* (9th Cir. 2006) 442 F.3d 741, 746 n.6 ("We may take judicial notice of court filings and other matters of public record").)

DATED: June 30, 2014

Respectfully submitted,

*/s/ Furah Z. Faruqui*
FURAH Z. FARUQUI
Deputy City Attorney
Attorney for Defendants, CITY OF VALLEJO, JOSEPH KREINS AND SEAN KENNEY

# EXHIBIT

# 1

CLAIM FOR DAMAGES AGAINST
THE CITY OF VALLEJO, CALIFORNIA
(GOVT. CODE §910, 910.2 & 910.4

City of
VALLEJO
California

RECEIVED
2013 MAR 22 AM 11:31
OFFICE OF THE
CITY CLERK
CITY OF VALLEJO

TO: CITY CLERK
CITY OF VALLEJO, CITY HALL
555 SANTA CLARA STREET, 3RD FLOOR
VALLEJO, CA 94590

Date & Time Filed with City Clerk [City Use Only]

**CLAIMANT HEREBY PRESENTS THE FOLLOWING CLAIM FOR DAMAGES:**

1. Claimant's Name: Eugene and Lisa Moore
2. Claimant's Address: 5412 Santa Teresa Ave., Santa Rosa, CA Zip Code 95409
3. Claimant's Telephone No. ( 707 ) 477-3150 Date of Birth 04/03/58
4. Date of Incident / Accident / Arrest: 10/21/12
5. Date of injuries, damages, or losses were discovered: 10/21/12
6. Location of Incident / Accident / Arrest: 2504 Alameda St., Vallejo, CA 94590
7. What did City or employee(s) do to cause this loss, damage, or injury?
   The police department shot our son while he was unarmed causing his death.
8. What are the name(s) of the City's employee(s) who caused this injury, damage, or loss (if known)?
   Unknown at this time.
9. What specific injuries, damages, or losses did Claimant sustain?
   Gunshot wounds to the chest/torso.
10. What amount of money is Claimant seeking, or the appropriate court of jurisdiction (see reverse)?
    Superior Court jurisdiction.
11. How was this amount calculated? (If applicable, please itemize.) Medical expenses, general damages, special damages, punitive damages.
12. Names, addresses, and telephone numbers of witnesses, doctors, hospitals, and any person who can substantiate your claim or the amount claimed: Still under investigation.

(CONTINUED ON REVERSE)

13. Any additional information that you believe might be helpful in considering this claim: ____________

Still under investigation.

14. All notices and communications with regard to this claim should be directed to (only to be completed if different than Claimant's address and phone number at Questions 2 and 3 above):

Name: ______________________ Relationship ______________________

Address: ______________________ Zip Code ________

Daytime Telephone No: (____)______________________

15. DATE: March 21, 2013 SIGNATURE: [signature]

If additional space is needed to provide requested information, please attach sheets identifying paragraph(s) being answered.

---

Answer all items fully and to the best of your knowledge and information. Failure to do so may result in your claim being found insufficient. If you have any questions concerning completion of this form, please contact the Risk Management Division at 707/648-4485. Legal advice concerning your claim should be obtained from your own lawyer.

---

To assist you in answering **Question 10** above, the law requires the claim to show the amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether jurisdiction over the claim would rest in municipal court ($25,000 or less) or superior court (more than $25,000). Govt. Code §910(f).

---

**WARNING: PRESENTATION FOR ALLOWANCE OR PAYMENT OF A FALSE OR FRAUDULENT CLAIM, WITH INTENT TO DEFRAUD IS A CRIME PUNISHABLE AS A FELONY UNDER CALIFORNIA PENAL CODE, SECTION 72, AND INSURANCE CODE, SECTION 1871.1.**

Revised 02-08-13
J:\Claims\2013 claim templates\claim form 02-08-13