**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY: FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, JOSEPH KREINS AND SEAN KENNEY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| LISA MOORE and EUGENE MOORE, Individually and as Co- Successors in Interest of Decedent JEREMIAH EUGENE MOORE, <br><br>Plaintiffs, <br><br>vs. <br><br>CITY OF VALLEJO, a public entity; CITY OF VALLEJO POLICE CHIEF JOSEPH KREINS, in his individual and official capacities; OFFICER SEAN KENNEY, individually; and DOES 1-20, individually, jointly and severally, <br><br>Defendants. | Case No.  2:14-CV-00656-JAM-KJN <br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)** <br><br>JUDGE:    John A. Mendez <br> DATE:     August 20, 2014 <br> TIME:     9:30 a.m. <br> CTRM:    6, 14th Floor <br><br> TRIAL:    None Set |

## I.

## INTRODUCTION

Plaintiffs' opposition is as equally uncompelling as it is lengthy. It provides no viable facts to support Plaintiffs' Complaint. Specifically, Plaintiffs' ask this court to take judicial notice of facts that are reasonably in dispute to support their *Monell* Claim. As these facts do not meet the criteria for judicial notice, they must be disregarded. As a result, Plaintiffs' *Monell* claim remains unsupported. Lastly, Plaintiffs' state causes of action were not included in the

Case No.  2:14-CV-00656-JAM-KJN         DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

-1-

1  prerequisite California Government Tort Claim and must be dismissed.

## II.

### PLAINTIFF'S 42 U.S.C. § 1983 COMPLAINT PROVIDES ONLY CONCLUSIONARY ALLEGATIONS AND THEREFORE DOES NOT MEET THE *IQBAL* STANDARD

To survive a motion to dismiss "Plaintiffs'" obligation to provide the 'grounds' of [their] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do … Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" (*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555.) It is not enough that they "*might* later establish some set of undisclosed facts to support recovery." (*Twombly, supra* at 560.) "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." (*Twombly, supra* at 555; *Clegg v. Cult Awareness Network*, (9th Cir. 1994) 18 F.3d 752, 754-755.)

*Twombley* and *Iqbal* distilled to their essence, impose two requirements.  First, the reviewing court … is not required to credit legal conclusions.  Second, the complaint cannot survive a motion to dismiss unless it alleges facts that plausibly (not merely conceivably) entitle plaintiff to relief. (*Maya v. Centex Corp.* (9th Cir. 2011) 658 F.3d 1060, 1067-1068; *see also Hernandez v. County of Tulare,* (9th Cir. 2012) 666 F.3d 631, 637; *Starr v. Baca* (9th Cir. 2011) 652 F.3d 1202, 1216; *Chavez v. U.S.* (9th Cir. 2012) 683 F.3d 1102, 1109.)

Further, "leave to amend may be denied … if amendment of the complaint would be futile…If the district court determines that the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' then the dismissal without leave to amend is proper." (*Albrecht v. Lund* (9th Cir. 1988) 845 F.2d 193, 195.)

As discussed in Defendants' moving papers and below, Plaintiffs' First Amended Complaint fails to state facts sufficient to state each of the claims asserted.  The instant motion to dismiss should be granted.

//

//

Case No.  2:14-CV-00656-JAM-KJN     DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

-2-

## III.

**PLAINTIFFS' COUNT ONE CLAIMS ARE SUBJECT TO DISMISSAL TO THE EXTENT THEY ARE BASED ON THE FOURTEENTH AMENDMENT AND BROUGHT ON DECEDENT'S BEHALF FOR UNREASONABLE SEARCH AND SEIZURE AND UNREASONABLE FORCE**

Plaintiffs' opposition ignores that Defendants challenged the Fourteenth Amendment claim in their First Cause of Action brought on decedent's behalf only, as stated in the moving papers, and clearly based on allegations of excessive force against *him* as set forth in the First Amended Complaint.  This cause of action asserts claims on behalf of the Plaintiffs and decedent Moore's behalf for violation of the "right to be free from unreasonable searches and seizures," "deprivation of life or liberty without due process" and "deadly force."  (FAC, ¶29.)

The law is well settled, however, that the Fourth Amendment protects against unreasonable searches and seizures, thus the Fourteenth Amendment is inapplicable to Plaintiffs' claims for excessive force on decedent's behalf.

It is long established that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment … must be the guide for analyzing these claims.' (*Id.* at 273; *Graham v. Connor* (1989) 490 U.S. 386, 394.)  The Fourth Amendment protects against *unreasonable* searches and seizures. (*County of Sacramento v. Lewis* (1997) 523 U.S. 833, 842; *Graham, supra* at 394.) The "Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." Claims for excessive force thus are limited to Fourth Amendment analysis because the Fourth Amendment specifically addresses unlawful searches and seizures. (*Graham,* 490 U.S. at 394.) "All claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." (*Graham, supra* at 395; *Lewis*, *supra* at 842.)

Plaintiffs concede this issue by stating that "it is true that the Fourth Amendment sets the applicable standards for seizures of a person and use of force." They assert that the Fourteenth Amendment was mentioned merely to apply the Fourth Amendment to the states.  (Opposition,

Case No.  2:14-CV-00656-JAM-KJN                    DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

-3-

12:1-5.) Thus, all Plaintiffs' claims for pretrial deprivations of liberty must arise under the Fourth Amendment and not the more generalized parameters of the Fourteenth Amendment.

Accordingly, the Fourteenth Amendment claims in Plaintiffs' First Cause of Action should be dismissed as unnecessarily duplicative.

## IV.

## PLAINTIFFS' FAMILIAL RELATIONSHIP CLAIM BASED ON THE FOURTH AMENDMENT IS SUBJECT TO DISMISSAL

Contrary to Plaintiffs' misconception, Defendants do not assert that Plaintiffs cannot bring a Familial Relationship Claim under the Fourteenth Amendment. (Opposition, 14:11-15.) Rather, Defendants contest that the Fourth Amendment is inapplicable to Plaintiffs' own "familial relationship" claim. The Fourth Amendment protects against unreasonable searches and seizures. (*County of Sacramento v. Lewis* (1997) 523 U.S. 833, 842; *Graham v. Connor* (1989) 490 U.S. 386.) It does not protect against interference with familial relationships. There are no allegations that any force was used against Plaintiffs Lisa and Eugene Moore. Plaintiffs' Fourth Amendment claim for interference with "familial relationship" is untenable and should be dismissed.

## V.

## PLAINTIFF'S PURPORTED EVIDENCE CANNOT BE JUDICIALLY NOTICED AND THUS THEIR *MONELL* MUNICIPAL LIABILITY CLAIM REMAINS INSUFFICIENTLY PLED

**1. Plaintiffs' Requests for Judicial Notice Cannot be Considered by the Court**

It is well-settled that, when resolving a motion to dismiss for failure to state a claim, the Court may not generally consider materials outside the pleadings. (*Schneider v. Cal. Dep't of Corr.* (9th Cir. 1998) 151 F.3d 1194, 1197 n.1; *Jacobellis v. State Farm Fire & Cas. Co*. (9th Cir. 1997) 120 F.3d 171, 172.) The "focus of any Rule 12(b)(6) dismissal . . . is the complaint." (*Schneider, supra* at 197 n.1.) This precludes consideration of "new" allegations that may be raised in a Plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6). (*Id.,*

Case No. 2:14-CV-00656-JAM-KJN           DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

-4-

1  citing *Harrell v. United States* (7th Cir. 1993) 13 F.3d 232, 236.) With this analytical backdrop,
2  Plaintiffs attempt to introduce new allegations with a request for judicial notice.
3      Specifically, Plaintiffs ask that this court take judicial notice of the following facts:

- As of July 21, 2014, "both the City of Vallejo and Sean Kenney have been named as co-defendants in nine civil rights cases involving claims of excessive force." (Opposition, 9:27-10:11.)
- Between "2007 and 2012, there were thirteen fatal officer-involved shootings - including the shooting of Jeremiah Moore – by Vallejo Police Department Officers." (Opposition, 10:12-16.)
- The shooting of Jeremiah Moore was Defendant Kenney's third fatal shooting in five months – Defendant Kenney shot Anton Barrett on May 28, 2012; Mario Romero on September 2, 2012; and Jeremiah Moore on October 21, 2012. (Alex Emslie, Questions Surround Surge in Vallejo Police Shootings, KQED News Fix (May 20, 2014), http://blogs.kqed.or/newsfix/vallejo-police-officer-named-in-three-fatal-shootings.) (Opposition, 10:17-20.)

It has been long established that a court make take judicial notice of a fact that is not "subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." (Fed. R. Evid. 201(b).) Under Federal Rule of Evidence 201, "a court may take judicial notice of matters of public record." (*Lee v. City of Los Angeles* (9th Cir. 2001) 250 F.3d 668, 689, internal quotation marks omitted.)

    Here, the court may not take judicial notice of any of Plaintiffs' requests. First, it is unclear what methodology Plaintiffs used in determining how many cases the City and Officer Kenney were named Defendants. As a result, the accuracy can surely be questioned. Similarly, correspondence from the District Attorney to the Police Chief clearing officers of Fatal Incident Shootings is not an accurate way to determine the amount of officer involved shootings. If Plaintiffs had presented a response created by the City, then the accuracy could not reasonably be questioned. Here, however, these letters have not been authenticated and are disputed. Lastly, a

Case No.  2:14-CV-00656-JAM-KJN       DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

-5-

biased newspaper article with misstatements of fact is reasonably questioned by the City as an accurate statistic as to the number of Officer Kenney's shootings.

Consequently, the Court cannot take judicial notice of any of Plaintiffs' evidence.

### 2. Plaintiffs' Second Cause Of Action For *Monell* Municipal Liability Remains Unsupported By Any Facts.

Plaintiffs have presented no viable evidence to support their *Monell* claim, their bare allegations of a City policy to state a *Monell* claim are flawed, and their reliance on outdated, pre-*Iqbal* authority is unavailing.

Indeed, the Ninth Circuit specifically has addressed the issue of how specific the allegations of custom or policy must be before a municipality may plausibly be held liable under *Twombly* and *Iqbal*. The court began by noting that, "in the past, our cases have not required parties to provide much detail at the pleading stage regarding … policy or custom. … [A] claim of municipal liability under § 1983 [was] sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." (*AE v. County of Tulare* (9th Cir. 2012) 666 F.3d 631, 636.) Post-*Iqbal*, however, that standard is no longer applicable. The Ninth Circuit explained the standard to be applied as follows:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. (*AE v. County of Tulare, supra* at 631.)

Thus, without "allegation[s] of plausible facts supporting … a policy or custom," a *Monell* claim should be dismissed.

It is well settled that a "municipality cannot be held liable … under § 1983 on a respondeat superior theory." (*Monell*, *supra* at 691; *Clouthier*, *supra* at 1232.) Local governing bodies can be sued directly under § 1983 only where the alleged unconstitutional conduct is the result of an official policy, pattern or practice. (*Id.* at 690; *City of Canton v. Harris* (1988) 489 U.S. 378, 389.) "[A] plaintiff must show that the municipal action was taken with the requisite

Case No.  2:14-CV-00656-JAM-KJN                    DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

-6-

degree of culpability and **must demonstrate a direct causal link between the municipal action and the deprivation of federal rights**." [Emphasis added.] (*Board of the County Commissioners of Bryan County v. Brown* (1996) 520 U.S. 397, 404.)

Plaintiffs' First Amended Complaint contains only conclusions that the City ratified Officer Kenney's allegedly unreasonable use of force and failed to train Officer Kenney in the use of deadly force. These conclusory allegations are wholly unsupported by any <u>facts</u> and constitute nothing more than an improper "formulaic recitation of the elements" of *Monell* liability. The First Amended Complaint fails to meet pleading requirements of *Twombly, Iqbal* and *AE,* and fails to state a cognizable *Monell* claim under any theory.

### 3. Policy, Pattern or Practice

The Amended Complaint fails to state facts to state any *Monell* claim against the City based upon a municipal policy. To state a valid *Monell* claim based upon a municipal policy, "plaintiffs must establish that 'the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [they] suffered.'" [Brackets in original.] (*AE ex rel. Hernandez v. County of Tulare* (9th Cir. 2012) 666 F.3d 631, 636, *citing Whitaker v. Garcetti* (9th Cir. 2007) 486 F.3d 572, 581.) Although, Plaintiffs identify a laundry list of sinister allegations in their Complaint (See Motion, 11:24-12:23), they have not pled facts to suggest that these are City-endorsed policies. If the courts grants Plaintiffs' request for judicial notice, Plaintiffs have merely presented evidence that shootings occurred and that Officer Kenney was cleared by the Solano County District Attorney's Office for his use of force. The fact that shootings have occurred is not enough to establish municipal liability under *Monell.* (*David v. City of Fremont* (2006) U.S. Dist. LEXIS 57211, 56-57.)

These facts do not amount to constitutional violations, so surely they cannot amount to a policy, pattern, or practice by the City.

### 4. Ratification

Likewise, the Complaint fails to state facts to support a *Monell* claim based on ratification. "To show ratification, Plaintiffs must prove that the 'authorized policymakers approve a subordinate's decision and the basis for it.'" (*Christie v. Iopa* (9th Cir. 1999) 176 F.3d

1231, 1239.)  It requires that municipal policymakers make a deliberate choice to endorse a subordinate's decision and the basis for it.  (*Gillette v. Delmore* (9th Cir. 1992) 979 F.2d 1342, *Clouthier, supra,* 591 F.3d at 1250.)  "For example, <u>it is well settled that a policymaker's mere refusal to overrule a subordinate's completed act does not constitute approval</u>.  '**To hold cities liable under § 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle *respondeat superior* liability into § 1983**.'"  (*Christie*, *supra*, at 1239-1240, emphasis added.)  "**We decline to endorse this end run around *Monell*.**" (*Gillette*, *supra*, at 1348, (no municipal liability where there was no evidence of a deliberate choice to endorse unconstitutional employment decision and the basis for it).)  "The Ninth Circuit appears to require something more than a failure to reprimand to establish a municipal policy or ratification."  (*Kanae v. Hodson* (D. Haw. 2003) 294 F. Supp. 2d, 1179, 1189; *Arres v. City of Fresno,* 2011 WL284971 at *17; *Nadell v. Las Vegas Metro Police Dept.* (9th Cir. 2001) 268 F.3d 924, 929-30[1].)  Plaintiffs must show municipal policymakers knew of unconstitutional conduct by the subordinate *before the alleged constitutional violations ceased*.  (*Christie*, *supra*, at 1239-1240.)

As stated above, Plaintiffs' Complaint and opposition fail to state any facts that Chief Kreins or the City knew of Officer Kenney's alleged misconduct and approved his actions. In fact, Plaintiffs present evidence that Officer Kenney's actions were found to be reasonable given the circumstances by the District Attorney. Thus, Plaintiffs' Complaint shows nothing more than an alleged failure to reprimand *after the fact,* which cannot form the basis for a § 1983 *Monell* ratification claim. Plaintiffs' municipal liability claim based upon ratification is inadequate and falls well short of the pleading requirements set forth in *Iqbal* and *Twombly*.

### 5. Inadequate Training

Furthermore, Plaintiffs offer no valid opposition to dismissal of their *Monell* claim based on inadequate training.  "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."  (*Connick v. Thompson (2011)* 563 U.S., 131

---

[1] Abrogated in part on other unrelated grounds, as recognized in *Beck v. City of Upland* (9th Cir. 2008) 527 F.3d 853.

Case No.  2:14-CV-00656-JAM-KJN   DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

-8-

S.Ct. 1350, 1359.)  To establish an inadequate training claim, Plaintiffs must show "deliberate indifference to a constitutional right.  This standard is met when 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights that the policymaker of the city can reasonably be said to have been deliberately indifferent to the need.'" (*Clouthier, supra* at 1249, *citing City of Canton*, *supra* at 390.)  As the Supreme Court recently reiterated:

> [D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. …
> A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train.… Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights. (*Connick*, 131 S.Ct. at 1360; *see also Dougherty v. City of Covina (*9th Cir. 2011) 654 F.3d 892, 900.)

Although this is a high standard, … "[i]n virtually every instance where a person has had his or her constitutional rights violated …a § 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident.  Thus, permitting cases against cities for their 'failure to train' employees to go forward under § 1983 on a lesser standard of fault would result in *de facto respondeat superior* liability on municipalities – a result … rejected in *Monell*." (*Clouthier,* 591 F.3d at 1250, citing *Monell, supra,* and *Canton, supra.*)

Plaintiffs' Complaint here contains <u>no facts</u> to meet the "high standard" to show municipal liability for inadequate training.  The Complaint mentions training in passing only.  Specifically, Plaintiffs allege that Defendants "failure to properly hire, train, instruct, monitor, and supervise" was a "moving force and/or proximate cause of the deprivations of the Plaintiffs' clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983." (FAC, ¶39.)

There are no *facts* alleged showing "a pattern of similar constitutional violations by untrained employees," or that any other Vallejo Police Department Officer's training was inadequate, that the City made a deliberate or conscious choice to so train its Officers, or that the training the Officers received caused a constitutional violation.  The factually devoid allegations

do not support a reasonable inference that Officers received inadequate training, or that any particular Officer's training did not meet certain standards, and there are no facts as to how the training was deficient or how any deficiency was causally related to the incident. Plaintiffs' allegations are simply conclusions that the City failed to adequately train Vallejo Police Officers. As a consequence, the Complaint fails to state a § 1983 municipal liability claim for inadequate training.

Plaintiffs' factually unsupported assertions are merely a "formulaic recitation of the elements" of *Monell* liability. These "threadbare recitals of the elements … supported by mere conclusory statements" patently are inadequate. (*Iqbal*, *supra*, at 1950.) Plaintiffs' "conclusions couched as factual allegations," are insufficient to meet their pleading burden and fail to support a *Monell* claim under any theory. (*Id*.)

## VI.

## PLAINTIFFS' STATE LAW CAUSES OF ACTION WERE NOT INCLUDED IN THE PREREQUISITE CALIFORNIA GOVERNMENT TORT CLAIM AND DO NOT STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION

It is well-settled that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefore has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected." (Cal. Gov. Code, § 945.4.) California Government Code § 910 addresses the content of a government claim and requires the claimant's "name and post office address," the "date, place and other circumstances of the occurrence . . . which gave rise to the claim" and a "general description" of the "injury, damage, or loss incurred so far as it may be known at the time of presentation of the claim." The Claims Act bars "actions alleging matters not included in the claim filed with the public entity." (*State of California ex rel Dept. of Transportation v. Superior Court* (1984) 159 Cal.App.3d 331, 336.)

Moreover, the California Court of Appeal has explained: if "a plaintiff relies on more than one theory of recovery against the [governmental agency or employee], each cause of action must have been reflected in a timely claim. In addition, the factual circumstances set forth in the

Case No.  2:14-CV-00656-JAM-KJN                    DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

-10-

written claim must correspond with the facts alleged in the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer [or dismissal] if it alleges a factual basis for recovery which is not fairly reflected in the written claim." (*Fall River Joint Unified School Dist. v. Superior Court* (1988) 206 Cal.App.3d 431, 434.)

Accordingly, "courts have consistently interpreted the Tort Claims Act to bar actions alleging matters not included in the claim filed with the public entity." (*State of California, supra* at 336.) "In other words, the factual content of the plaintiff's claim [is] viewed by the trial court as operating to proscribe the limits of any later action for which filing the claim is a precondition." (*Williams v. Braslow* (1986) 179 Cal.App.3d 762, 770.)  Each "theory of recovery" must be reflected in a timely claim, and "the factual circumstances set forth in the claim must correspond with the facts alleged in the complaint."  (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776.)

The Claims Act is designed to protect governmental agencies from stale and fraudulent claims, to provide an opportunity for timely investigation, and to encourage settling meritorious claims. (*Johnson v. San Diego Unified School Dist.* (1990) 217 Cal.App.3d 692, 697.) Since the claims statutes should not be used as traps for the unwary when their underlying purposes have been satisfied, courts employ a test of substantial compliance, rather than strict compliance, in determining whether the Plaintiff has met the filing requirements of the Claims Act. (*Id.*)

Nonetheless, the substantial compliance doctrine "cannot cure total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute." (*Loehr v. Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071, 1083.)  "The test for substantial compliance is whether the face of the filed claim discloses sufficient information to enable the public entity to make an adequate investigation of the claim's merits and settle it without the expense of litigation." (*Connelly v. County of Fresno* (1988) 146 Cal.App.4th 29, 38)

In the instance case, Plaintiffs assert in their Government Claim that the "Vallejo Police Department shot their son while he was unarmed" causing his death. (See Exhibit 1 to Request for Judicial Notice.) Plaintiffs do not contest this. (Opposition, 26:4-5.) However, in their

Case No.  2:14-CV-00656-JAM-KJN                    DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

-11-

Complaint, Plaintiffs add additional claims for violation of the Bane Act §52.1, negligence, assault and battery, and violation of California Civil Code §51.7. Plaintiffs spend six pages arguing that the one sentence in their claim supports the allegations for all four additional state law claims in their Complaint.

Unfortunately for Plaintiffs, an analogous case, instructs otherwise. In *Arres v. City of Fresno* (E.D. Cal. 2011) U.S. Dist. LEXIS 10425, decedent's estate submitted an October 2, 2009 claim to the City to state that "Fresno Police Officers shot and killed an unarmed person." (*Arres, supra* at 3-4.) However, the Complaint included the new state law claims of wrongful death-negligence, intentional infliction of emotional distress and assault and battery and violations of California Civil Code sections 51.7 ("section 51.7") and 52.1 ("section 52.1") (*Arres, supra* at 54.)

*Arres* explained that since the government claim only addressed a fatal shooting that the "scope of the estate's government claim is limited to Mr. Graham's shooting death." (*Arres, supra* at 61-62.) *Arres* held that because the claim "did not address the state law claims which are theories of recovery beyond the government claim presented to the City", the state claims were barred. (*Arres, supra* at 62.)

Here, Plaintiffs' government claim did not mention, intimate, or more importantly address violations of the Bane Act, Unruh Act, assault and battery, and negligence. Accordingly, Plaintiffs' state law claims are not just justiciable against Defendants and should be dismissed.

## VII.
## CONCLUSION

For the reasons set forth above, Defendants respectfully request that their motion to dismiss be granted.

DATED: August 13, 2014                    Respectfully submitted,

*/s/ - Furah Z. Faruqui*
FURAH Z. FARUQUI
Deputy City Attorney
Attorney for Defendants, CITY OF VALLEJO, JOSEPH KREINS AND SEAN KENNEY

Case No. 2:14-CV-00656-JAM-KJN                    DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

-12-