1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  LISA MOORE and EUGENE MOORE,        No.  2:14-cv-00656-JAM-KJN
    individually and as co-
12  successors in interest of
    decedent JEREMIAH EUGENE
13  MOORE,                              **ORDER GRANTING IN PART AND
                                        DENYING IN PART DEFENDANTS'
14           Plaintiffs,                MOTION TO DISMISS**

15       v.

16  CITY OF VALLEJO, a public
    entity; CITY OF VALLEJO
17  POLICE CHIEF JOSEPH KREINS,
    in his individual and
18  official capacities; OFFICER
    SEAN KENNEY, individually;
19  and DOES 1-20, individually,
    jointly, and severally,
20
             Defendants.
21

22       Defendants City of Vallejo ("the City"), City of Vallejo

23  Police Chief Joseph Kreins ("Chief Kreins") and Officer Sean

24  Kenney ("Officer Kenney") (collectively "Defendants") move to

25  dismiss (Doc. #21) the first, second, fourth, fifth, sixth, and

26  seventh causes of action in Plaintiffs Lisa and Eugene Moore's

27  (collectively "Plaintiffs") First Amended Complaint ("FAC") (Doc.

28
                                    1

1  #13).[1]  Defendants' motion is granted in part and denied in part

2  for the reasons set forth below.

3

4          I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

5          According to the FAC, on or about October 21, 2012, at

6  approximately 1:30 a.m., Vallejo Police Department officers

7  (collectively "the officers"), including Officer Kenney, fatally

8  shot Decedent Jeremiah Eugene Moore ("Decedent") at his home.

9  Before they arrived, the officers were informed that Decedent was

10  suffering from developmental disabilities including an Autism

11  Spectrum Disorder, mental illness, and/or emotional disturbance.

12  Upon arrival, the officers found Decedent walking naked in front

13  of his home without a weapon and posing "no significant or

14  immediate threat" to the officers.  The officers commanded

15  Decedent to get on the ground, and when he did not the officers,

16  including Officer Kenney, shot Decedent multiple times.

17  Plaintiffs allege that the officers falsely reported that

18  Decedent was threatening them with a gun inside his home when the

19  officers shot him.

20          Plaintiffs filed the FAC in April 2014 on their own behalf

21  as well as co-successors in interest for their son, Decedent.

22  The seven causes of action pled in the FAC are: (1) violation of

23  42 U.S.C. § 1983 ("§1983") against Officer Kenney and Does 1-20;

24  (2) violation of §1983 against the City, Chief Kreins, and Does

25  1-20 based on municipal and supervisory liability; (3) violation

26

27  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28  for August 20, 2014.

1   of the Americans with Disabilities Act and the Rehabilitation Act

2   against the City; (4) violation of California Civil Code § 52.1

3   against Officer Kenney, the City, and Does 1-20; (5) negligence

4   against all Defendants; (6) assault and battery against Officer

5   Kenney, the City, and Does 1-20; and (7) violation of California

6   Civil Code § 51.7 against Officer Kenney, the City, and Does 1-

7   20.

8

9                          II.   OPINION

10       A.   Request for Judicial Notice

11       Both parties have submitted requests for judicial notice.

12  Generally, the Court may not consider material beyond the

13  pleadings in ruling on a motion to dismiss for failure to state a

14  claim.   The exceptions are material attached to, or relied on by,

15  the complaint so long as authenticity is not disputed, or matters

16  of public record, provided that they are not subject to

17  reasonable dispute.   E.g., Sherman v. Stryker Corp., 2009 WL

18  2241664 at *2 (C.D. Cal. 2009) (citing Lee v. City of Los

19  Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid.

20  201).

21       Attached to their motion to dismiss is Defendants' request

22  for judicial notice of the Government Tort Claim filed by

23  Plaintiffs in connection with this litigation.   MTD at Exh. 1.

24  Such a document is a matter of public record and is necessarily

25  relied on by Plaintiffs in bringing their state law claims, and

26  so the Court takes judicial notice of this document.

27       In their opposition, Plaintiffs request the Court take

28  judicial notice of the following facts: (1) the City and Officer

1  Kenney have been named as co-defendants in nine civil rights
2  cases; (2) between 2007 and 2012, there were thirteen fatal
3  officer-involved shootings by Vallejo Police Department officers;
4  and (3) the shooting of Decedent was the third fatal shooting
5  involving Officer Kenney in a period of five months.  Opp. at pp.
6  9-10.

7      Defendants dispute the reliability of the facts presented by
8  Plaintiffs in their reply, as well as object to Plaintiffs'
9  introduction of new allegations for the first time in opposition
10  to a motion to dismiss.  The Court agrees with Defendants that
11  the methodologies used for calculating these statistics and
12  arriving at these facts are subject to reasonable dispute.  The
13  Court, therefore, denies Plaintiffs' request for judicial notice.

14      B.   Analysis

15          1.   Section 1983 Claims Against Officer Kenney

16      Plaintiffs' first cause of action alleges violations of
17  §1983 based on the First, Fourth, and Fourteenth Amendments to
18  the United States Constitution.  FAC ¶ 29.  Defendants contend
19  the first cause of action should be dismissed pursuant to Federal
20  Rule of Civil Procedure 12(b)(6).  MTD at pp. 6-9.  Defendants
21  argue there are insufficient factual allegations to support the
22  claims.  Defendants also contend the first cause of action should
23  be dismissed to the extent it is based on the Fourteenth
24  Amendment.  MTD at pp. 9-10.

25              a.   Failure to State a Claim

26      Defendants argue that the allegations supporting the first
27  cause of action are "completely devoid of *any factual* content."
28  MTD at p. 8.  The Court disagrees.

A careful review of the FAC demonstrates that Defendants' contention that the allegations are merely conclusory and "completely devoid" of underlying factual content is without merit.  Plaintiffs allege very clearly that Decedent was disabled and the officers knew this fact.  Yet, upon arriving at Decedent's home at 2504 Alameda Street in the City of Vallejo on October 12, 2012, they failed to take this into account and unjustifiably shot Decedent multiple times while he was unarmed and naked, killing him.  These are sufficient allegations of underlying facts, which taken as true, entitle Plaintiffs to relief.  Accordingly, the Court denies Defendants' motion to dismiss this claim.

> b.   The First, Fourth, and Fourteenth Amendments

The briefs for both parties discuss the propriety of bringing the claims asserted in the first cause of action under the specific Amendments cited by Plaintiffs.

The first cause of action brings claims on behalf of Decedent based on his rights to be free from (1) unreasonable searches and seizures; (2) excessive and unreasonable force in the course of arrest or detention; and (3) the use of unlawful deadly force.  FAC ¶ 29.  The FAC alleges these rights are secured by the Fourth and Fourteenth Amendments.  The FAC further alleges violation of the right to be free from wrongful interference with familial relationships and the right to companionship, society and support as secured by the First, Fourth and Fourteenth Amendments.

Defendants contend Plaintiffs' reliance on the Fourteenth Amendment in relation to their claims brought on behalf of

1   Decedent is improper.  MTD at pp. 9-10.  It is true that the

2   Fourth Amendment is the proper constitutional basis for the §1983

3   claims on behalf of Decedent; the reference to the Fourteenth

4   Amendment appears to be an unnecessary reference to the

5   incorporation doctrine.  <u>Graham v. Connor</u>, 490 U.S. 386, 393-94

6   (1989); <u>Brosseau v. Haugen</u>, 543 U.S. 194, 197-98 (2004); <u>see also</u>

7   <u>Brockmeier v. Solano Cnty. Sheriff's Dep't</u>, CIV-S05-2090 MCE-EFB-

8   PS, 2006 WL 3760276, at *12 (E.D. Cal. 2006).

9       For the first time in their reply, Defendants raise the

10   argument that the interference with familial relationship claim

11   should be dismissed as asserted under the Fourth Amendment.

12   Although untimely, the Court agrees the Fourth Amendment is an

13   improper basis for Plaintiffs' claim regarding interference with

14   the familial relationship.  The parents of a victim of an

15   unlawful police killing have personal standing to claim

16   deprivation of familial relationship under the substantive due

17   process clause of the Fourteenth Amendment.  <u>See</u> <u>Moreland v. Las</u>

18   <u>Vegas Metro. Police Dep't</u>, 159 F.3d 365, 371 (9th Cir. 1998).

19   Thus, the Fourteenth Amendment, not the Fourth Amendment, allows

20   plaintiffs to bring claims for deprivation of or interference

21   with familial relationship.  <u>Jarreau-Griffin v. City of Vallejo</u>,

22   2:12-CV-02979-KJM, 2013 WL 6423379, at *4 (E.D. Cal. 2013).

23       Accordingly, the Court grants, without leave to amend,

24   Defendants' motion to dismiss the first cause of action insofar

25   as it asserts a claim on behalf of Decedent for violation of his

26   rights to be free from unreasonable searches and seizures and

27   excessive or deadly force based on the Fourteenth Amendment and

28   to the extent it asserts a violation of the right to be free from

1   interference with familial relationships under the Fourth

2   Amendment.  See Jarreau-Griffin, 2013 WL 6423379, at *3-4; Arres

3   v. City of Fresno, CV F 10-1628 LJO SMS, 2011 WL 284971, at *15-

4   16 (E.D. Cal. 2011).  Otherwise, Defendants' motion to dismiss

5   this claim is denied.

6           2.   Section 1983 Claims Against the City and Chief
                 Kreins
7

8        Defendants next contend Plaintiffs' second cause of action

9   against the City for liability based on Monell v. Department of

10  Social Services of City of New York, 436 U.S. 658 (1978), should

11  be dismissed because it is "unsupported by any facts."  MTD at p.

12  10.  Plaintiffs respond that they have alleged sufficient facts

13  to state a claim under Monell.  Opp. at pp. 15-16.

14       "The elements of a Monell claim are (1) plaintiff was

15  deprived of a constitutional right; (2) the municipality has a

16  policy; (3) the policy amounts to deliberate indifference to

17  plaintiff's constitutional right; and (4) the policy is the

18  moving force behind the constitutional violation."  Howard v.

19  City of Vallejo, CIV. S-13-1439 LKK, 2013 WL 6070494, at *3 (E.D.

20  Cal. 2013) (citing Dougherty v. City of Covina, 654 F.3d 892, 900

21  (9th Cir. 2011).  "A custom or practice can be inferred from

22  widespread practices or evidence of repeated constitutional

23  violations for which the errant municipal officers were not

24  discharged or reprimanded."  Hunter v. County of Sacramento, 652

25  F.3d 1225, 1233 (9th Cir. 2011); see also Menotti v. City of

26  Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005); Gillette v.

27  Delmore, 979 F.2d 1342, 1349 (9th Cir. 1992).

28  ///

1      The FAC alleges that before the incident underlying this
2  action took place, policymakers at the City, including Chief
3  Kreins, knew of instances in which Officer Kenney and other
4  officers shot individuals who did not pose a threat, including
5  victims who were disabled, knew the shootings were unlawful and
6  outside the accepted law enforcement standards, and yet took no
7  action to correct training programs or policies and procedures
8  that allowed such shootings to take place.  FAC ¶ 35.  The FAC
9  specifically alleges, that despite this information, the City
10  took no action to adequately investigate, supervise, discipline,
11  or train Officer Kenney or the other officers.  Id.  Furthermore,
12  the FAC alleges that the actions of the officers in this case
13  were carried out pursuant to customs and practices within the
14  Vallejo Police Department, which are listed in detail in the FAC.
15  FAC ¶ 36.  The FAC alleges these failures and customs and
16  practices "were a moving force and/or a proximate cause of the
17  deprivations of Plaintiffs'" constitutional rights.  FAC ¶ 39.

18      The Court finds such factual allegations adequately allege a
19  claim for Monell liability.  The court's decision in IDC v. City
20  of Vallejo, 2:13-CV-1987 DAD, 2014 WL 2567185, at *1-2, 5-6 (E.D.
21  Cal. 2014) ("IDC"), is instructive in that it involved a similar
22  motion under analogous allegations.  The IDC court denied the
23  motion to dismiss brought by defendants, including the City of
24  Vallejo.  Id.  The court found that a Monell claim was
25  sufficiently pleaded based on allegations that the officers
26  involved, including Officer Kenney, had engaged in repeated acts
27  of excessive force, misconduct, and civil rights violations prior
28  to the relevant incident, and that despite knowledge of this, the

1    City of Vallejo allegedly failed to take measures to prevent

2    their repeated misconduct.   Id.

3        The Court finds the reasoning in IDC persuasive and denies

4    Defendants' motion to dismiss the second cause of action.   The

5    Court also notes that Defendants do not attack the claim for

6    supervisory liability against Chief Kreins in the second cause of

7    action; thus, the Court does not address the claim.

8                    3.   State Law Claims

9        Defendants contend Plaintiffs' state law claims in the

10   fourth, fifth, sixth, and seventh causes of action should be

11   dismissed because Plaintiffs have failed to comply with

12   California Government Code § 945.4 ("§945.4").   MTD at pp. 16-18.

13       Section 945.4 requires a potential plaintiff to file a

14   written claim with a public entity before a suit for money or

15   damages may be brought against it.   The claim must include a

16   "general description of the indebtedness, obligation, injury,

17   damage or loss incurred so far as it may be known at the time of

18   presentation of the claim."   Cal. Gov't Code § 910.

19       Defendants direct the Court to the Government Tort Claim

20   submitted by Plaintiffs to the City.   MTD at p. 16.   They contend

21   this document describes factual circumstances consistent with a

22   wrongful death claim.   Defendants argue the state law causes of

23   action for violation of California Civil Code § 52.1, negligence,

24   assault and battery, and violation of California Civil Code §

25   51.7 are additional claims that "introduce a shift in theory from

26   the factual scenario of a 'wrongful death claim'" as stated in

27   the Government Tort Claim submitted to the City.

28   ///

1   The Supreme Court of California has addressed this

2   requirement:

3   
4       The purpose of these statutes is "to provide the public
        entity sufficient information to enable it to
5       adequately investigate claims and to settle them, if
        appropriate, without the expense of litigation."
6       Consequently, a claim need not contain the detail and
        specificity required of a pleading, but need only
7       "**fairly describe** what [the] entity is alleged to have
        done."  As the purpose of the claim is to give the
8       government entity notice sufficient for it to
        investigate and evaluate the claim, **not to eliminate**
9       **meritorious actions**, the claims statute "should not be
        applied to snare the unwary where its purpose has been
10      satisfied."

11  Stockett v. Ass'n of California Water Agencies Joint Powers Ins.

12  Auth., 34 Cal. 4th 441, 446 (2004) (internal citations omitted)

13  (emphasis added).

14      The Government Tort Claim submitted by Plaintiffs was on a

15  standard form created and provided by the City.  In response to

16  the form's question, "What did City or employee(s) do to cause

17  this loss, damage, or injury?"  Plaintiffs responded "The police

18  department shot our son while he was unarmed causing his death."

19      The Court finds Plaintiffs have "fairly described" what

20  Defendants are alleged to have done.  Stockett, 34 Cal. 4th at

21  446.  The claim submitted by Plaintiffs adequately notifies

22  Defendants of the underlying factual allegations presented in the

23  FAC.  Defendants should have been able to effectively investigate

24  the incident and should have reasonably expected possible claims

25  for violation of constitutional rights (fourth cause of action),

26  negligence (fifth cause of action), and assault and battery

27  (sixth cause of action).  Defendants' arguments to the contrary

28  are unpersuasive and the Court denies the motion to dismiss as to

10

1   these three claims.

2        As for the seventh cause of action for violation of

3   Plaintiffs' rights because of Decedent's physical condition

4   and/or disability, this claim is based on allegations not

5   adequately included in the Government Tort Claim, and must be

6   dismissed.  There is no mention of Decedent's disability or

7   medical condition, which serves as the basis for that claim.

8   Since amendment would be futile, the seventh cause of action is

9   dismissed with prejudice.

10

11                        III.   ORDER

12        The Court GRANTS WITH PREJUDICE Defendants' motion to

13   dismiss the first cause of action but only insofar as it asserts

14   a claim on behalf of Decedent based on the Fourteenth Amendment

15   for violation of his rights to be free from unreasonable searches

16   and seizures and excessive or deadly force and to the extent it

17   asserts claims for violation of the right to be free from

18   interference with familial relationships based on the Fourth

19   Amendment.  The Court also GRANTS WITH PREJUDICE Defendants'

20   motion to dismiss the seventh cause of action.

21        The Court DENIES Defendants' motion on all other grounds.

22        IT IS SO ORDERED.

23   Dated: October 17, 2014

24                                        _____
                                          JOHN A. MENDEZ,
25                                        UNITED STATES DISTRICT JUDGE

26

27

28
                                11