**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY: FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:     (707) 648-4545
Fax:    (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, JOSEPH KREINS AND SEAN KENNEY

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| LISA MOORE and EUGENE MOORE, Individually and as Co- Successors in Interest of Decedent JEREMIAH EUGENE MOORE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, a public entity; CITY OF VALLEJO POLICE CHIEF JOSEPH KREINS, in his individual and official capacities; OFFICER SEAN KENNEY, individually; and DOES 1-20, individually, jointly and severally,<br><br>Defendants. | Case No. 2:14-CV-00656-JAM-KJN<br><br><br>**ANSWER OF DEFENDANTS  CITY OF VALLEJO, JOSEPH KREINS AND SEAN KENNEY'S TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF; JURY TRIAL DEMANDED** |

Defendants City of Vallejo (hereinafter "City"), former Police Chief Joseph Kreins and Officer Sean Kenney (hereinafter referred to collectively as "Defendants") answer Plaintiffs' Complaint for Damages as follows:

**JURISDICTION**

1. Answering the first paragraph of the First Amended Complaint for Damages, the Defendants admit that Plaintiffs are attempting to bring an action under 42 U.S.C. §1983,

Case No. 2:14-CV-00656-JAM-KJN   ANSWER OF DEFENDANTS' TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF; JURY TRIAL DEMANDED

- 1 -

however, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

**INTRADISTRICT ASSIGNMENT**

2.      Answering the second paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

**PARTIES AND PROCEDURE**

3.      Answering the third paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein.

4.      Answering the fourth paragraph of the Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein.

5.      Answering the fifth paragraph of the Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein.

6.      Answering the sixth paragraph of the First Amended Complaint for Damages, Defendants admit that the City is a municipal corporation located in the County of Solano, duly organized and existing under the laws of State of California. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein

7.      Answering the seventh paragraph of the First Amended Complaint for Damages, Defendants admit that Joseph Kreins was the Chief of Police on October 21, 2012.  Defendants deny each and every remaining allegation contained therein.

8.      Answering the eighth paragraph of the First Amended Complaint for Damages, Defendants admit that Plaintiffs are attempting to sue Officer Sean Kenney in his individual

Case No. 2:14-CV-00656-JAM-KJN                    ANSWER OF DEFENDANTS' TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF; JURY TRIAL DEMANDED

- 2 -

1  capacity.  Except as expressly admitted herein, Defendants deny each and every remaining
2  allegation contained in this paragraph.
3     9.   Answering the ninth paragraph of the First Amended Complaint for Damages,
4  Defendants deny each and every allegation contained therein.
5     10.  Answering the tenth paragraph of the First Amended Complaint for Damages,
6  Defendants deny each and every allegation contained therein.
7     11.  Answering the eleventh paragraph of the First Amended Complaint for Damages,
8  Defendants deny each and every allegation contained therein.
9     12.  Answering the twelfth paragraph of the First Amended Complaint for Damages,
10 Defendants deny each and every allegation contained therein.
11    13.  Answering the thirteenth paragraph of the First Amended Complaint for
12 Damages, Defendants deny each and every allegation contained therein.
13    14.  Answering the fourteenth paragraph of the First Amended Complaint for
14 Damages, Defendants deny each and every allegation contained therein.
15    15.  Answering the fifteenth paragraph of the First Amended Complaint for Damages,
16 Defendants deny each and every allegation contained therein.
17    16.  Answering the sixteenth paragraph of the First Amended Complaint for Damages,
18 Defendants deny each and every allegation contained therein.

19                    **GENERAL ALLEGATIONS**

20    17.  Answering the seventeenth paragraph of the First Amended Complaint for
21 Damages, Defendants re-allege their answers to the paragraphs 1-16 above with the same force
22 and effect as if they were herein set out in full.
23    18.  Answering the eighteenth paragraph of the First Amended Complaint for
24 Damages, Defendants deny each and every allegation contained therein.
25    19.  Answering the nineteenth paragraph of the First Amended Complaint for
26 Damages, Defendants deny each and every allegation contained therein.
27    20.  Answering the twentieth paragraph of the First Amended Complaint for Damages,
28 Defendants deny each and every allegation contained therein.

Case No. 2:14-CV-00656-JAM-KJN   ANSWER OF DEFENDANTS' TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF; JURY TRIAL DEMANDED

- 3 -

21. Answering the twenty-first paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

22. Answering the twenty-second paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

23. Answering the twenty-third paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

24. Answering the twenty-fourth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

25. Answering the twenty-fifth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

26. Answering the twenty-sixth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

27. Answering the twenty-seventh paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

## COUNT ONE[1]
### (42 U.S.C § 1983)
### ALL PLAINTIFFS AGAINST DEFENDANTS KENNEY AND DOES 1-20

28. Answering the twenty-eighth paragraph of the First Amended Complaint for Damages, Defendants re-allege their answers to the paragraphs 1-27 above with the same force and effect as if they were herein set out in full.

29. Answering the twenty-ninth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

30. Answering the thirtieth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

---

[1] Please note that on October 17, 2014, Defendants' motion to dismiss the first cause of action was granted by this court but only insofar as it asserts a claim on behalf of Decedent based on the Fourteenth Amendment for violation of his rights to be free from unreasonable searches and seizures and excessive or deadly force and to the extent it asserts claims for violation of the right to be free from interference with familial relationships based on the Fourth Amendment.

Case No. 2:14-CV-00656-JAM-KJN             ANSWER OF DEFENDANTS' TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF; JURY TRIAL DEMANDED

- 4 -

31. Answering the thirty-first paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

32. Answering the thirty-second paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

33. Answering the thirty-third paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

**COUNT TWO**
**(42 U.S.C. §1983 – MUNICIPAL AND SUPERVISORY LIABILITY)**
<u>**ALL PLAINTIFFS AGAINST DEFENDANTS CITY OF VALLEJO, CHIEF OF POLICE JOSEPH KREINS, AND DOES 1-20**</u>

34. Answering the thirty-fourth paragraph of the First Amended Complaint for Damages, Defendants re-allege their answers to the paragraphs 1-33 above with the same force and effect as if they were herein set out in full.

35. Answering the thirty-fifth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

36. Answering the thirty-sixth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

37. Answering the thirty-seventh paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

38. Answering the thirty-eighth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

39. Answering the thirty-ninth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

40. Answering the fortieth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

41. Answering the forty-first paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

/ /

Case No. 2:14-CV-00656-JAM-KJN                                          ANSWER OF DEFENDANTS' TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF; JURY TRIAL DEMANDED

- 5 -

# COUNT THREE
## (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) (TITLE II) AND REHABILITATION ACT (RA)) AGAINST DEFENDANT CITY OF VALLJO

42. Answering the forty-second paragraph of the First Amended Complaint for Damages, Defendants re-allege their answers to the paragraphs 1-41 above with the same force and effect as if they were herein set out in full.

43. Answering the forty-third paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

44. Answering the forty-fourth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

45. Answering the forty-fifth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

46. Answering the forty-sixth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

47. Answering the forty-seventh paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

48. Answering the forty-eighth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

49. Answering the forty-ninth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

50. Answering the fiftieth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

51. Answering the fifty-first paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

52. Answering the fifty-second paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

53. Answering the fifty-third paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

Case No. 2:14-CV-00656-JAM-KJN    ANSWER OF DEFENDANTS' TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF; JURY TRIAL DEMANDED

- 6 -

**COUNT FOUR**
**(VIOLATION OF CIVIL CODE §52.1)**
**ALL PLAINTIFFS AGAINST DEFENDANTS KENNEY, DOES 1-20, AND CITY OF VALLEJO**

54. Answering the fifty-fourth paragraph of the First Amended Complaint for Damages, Defendants re-allege their answers to the paragraphs 1-53 above with the same force and effect as if they were herein set out in full.

55. Answering the fifty-fifth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

56. Answering the fifty-sixth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

57. Answering the fifty-seventh paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

58. Answering the fifty-eighth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

**COUNT FIVE**
**(NEGLIGENCE; PERSONAL INJURIES)**
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

59. Answering the fifty-ninth paragraph of the First Amended Complaint for Damages, Defendants re-allege their answers to the paragraphs 1-58 above with the same force and effect as if they were herein set out in full.

60. Answering the sixtieth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

61. Answering the sixty-one paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

62. Answering the sixty-second paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

63. Answering the sixty-third paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

Case No. 2:14-CV-00656-JAM-KJN    ANSWER OF DEFENDANTS' TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF; JURY TRIAL DEMANDED

- 7 -

64. Answering the sixty-fourth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

65. Answering the sixty-fifth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

66. Answering the sixty-sixth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

**COUNT SIX**
**(ASSAULT AND BATTERY)**
**ALL PLAINTIFFS AGAINST DEFENDANTS KENNEY, DOES 1-20, AND CITY OF VALLEJO**

67. Answering the sixty-seventh paragraph of the First Amended Complaint for Damages, Defendants re-allege their answers to the paragraphs 1-66 above with the same force and effect as if they were herein set out in full.

68. Answering the sixty-eighth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

69. Answering the sixty-ninth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

70. Answering the seventieth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

**COUNT SEVEN**
**(VIOLATION OF CALIFORNIA CIVIL CODE §51.7)**
**ALL PLAINTIFFS AGAINST DEFENDANTS KENNEY, DOES 1-20 AND CITY OF VALLEJO**

This count was dismissed by Court Order on October 17, 2015.

**DAMAGES**

Defendants deny each and every allegation contained therein.

**JURY DEMAND**

Defendants admit that Plaintiffs demands a jury trial in this action.

//

//

Case No. 2:14-CV-00656-JAM-KJN               ANSWER OF DEFENDANTS' TO PLAINTIFFS'
                                             FIRST AMENDED COMPLAINT FOR DAMAGES,
                                             DECLARATORY, AND INJUNCTIVE RELIEF; JURY
                                             TRIAL DEMANDED

- 8 -

**AFFIRMATIVE DEFENSES**

1. As a first affirmative defense, the Defendants allege that the First Amended Complaint for Damages fails to state any claim upon which relief can be granted.

2. As a second affirmative defense, the Defendants allege that Plaintiffs' claims are barred by the applicable statutes of limitation.

3. As a third affirmative defense, the Defendants allege that Decedent was negligent and careless in and about matters and events set forth in the First Amended Complaint for Damages. Decedent's negligence proximately contributed to his alleged injuries and damages. Any jury verdict in Plaintiffs' favor that may be rendered in this case, therefore, must be reduced by the percentage that Decedent's negligence contributed to any of his damages or injuries.

4. As a fourth affirmative defense, the Defendants allege that at all times herein mentioned, all actions taken by the Defendant police officers were reasonable under the circumstances and taken under a reasonable belief that the actions were not unlawful. The Defendant police officers are therefore entitled to qualified immunity from liability for matters set forth in the First Amended Complaint for Damages.

5. As a fifth affirmative defense, the Defendants allege that any harm which came to Decedent was a direct and proximate cause of his own actions.

6. As a sixth affirmative defense, the Defendants allege that any of Plaintiffs' alleged damages or injuries were aggravated by Decedent's failure to use reasonable diligence to mitigate them.

7. As a seventh affirmative defense, the Defendants allege that any of Plaintiffs' damages or injuries were proximately caused by the negligence of other persons, firms, corporations or entities, for whom the Defendants are not responsible. Should Plaintiffs be entitled to recover under the First Amended Complaint for Damages, their recovery should be reduced in proportion to the negligence of such other persons, firms, corporations or entities.

8. As an eighth affirmative defense, the Defendants allege that its police officers were acting in their official capacities at all times relevant to this action, and any alleged actions

Case No. 2:14-CV-00656-JAM-KJN                    ANSWER OF DEFENDANTS' TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF; JURY TRIAL DEMANDED

- 9 -

1  were made in good faith, without malice, or were performed with a reasonable belief that their
2  actions were authorized by and in accord with existing law and authority.

3      9.    As a ninth affirmative defense, the Defendants allege that its officials and
4  employees actions, if any, were privileged as a matter of law.  Consequently, no liability can be
5  cast upon them in their individual capacities to the extent they become parties to this lawsuit.

6      10.    As a tenth affirmative defense, the Defendants allege that Plaintiffs' state claims
7  are barred pursuant to California Government Code sections 911.2, 911.4, 945.4, 946.6, 950.2,
8  950.6, 815.2, 815.6, 818.2, 818.8, 820, 820.2, 820,4, 820.8, 821, 821.6, 822.2, 844.6, 845, 845.2,
9  845.6, 846, 855, 855.8, 856 and 856.4. Said sections are pleaded as though fully set forth herein.

10      11.    As an eleventh affirmative defense, the Defendants allege that Decedent's arrest
11  and/or detention was made with probable cause or reasonable suspicion.

12      12.    As a twelfth affirmative defense, the Defendants allege that any search or seizure
13  of the Decedent or his property, if any, was reasonable and necessary to effect lawful and proper
14  law enforcement procedures and, as such, there can be no liability against the Defendants.

15      13.    As a thirteenth affirmative defense, the Defendants allege that Plaintiffs' claims
16  for punitive damages are barred by the provisions of Government Code section 818 and *City of*
17  *Newport v. Fact Concerts, Inc.* (1981) 453 U.S. 247.

18      14.    As a fourteenth affirmative defense, the Defendants allege that Plaintiffs are not
19  entitled to punitive damages, because punitive damages are unconstitutional and violate the
20  Defendants' right to due process and equal protection.

21      15.    As a fifteenth affirmative defense, the Defendants allege that they are immune
22  from the claims contained in Plaintiffs' First Amended Complaint for Damages pursuant to the
23  provisions of California Penal Code Sections 835, 835(a), 836 and 836.5.

24      16.    As a sixteenth affirmative defense, the Defendants allege that Plaintiffs' claims
25  against the City under 42 U.S.C. §1983 are contrary to law, in that they are founded upon the
26  doctrine of respondeat superior.  Neither a municipality nor its officers, supervisors, or
27  policymakers can be held liable under 42 U.S.C. § 1983 under a respondeat superior theory.
28  (*Monell v. Department of Social Services,* (1978) 436 U.S. 658, 691.)

Case No. 2:14-CV-00656-JAM-KJN      ANSWER OF DEFENDANTS' TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF; JURY TRIAL DEMANDED

17. As a seventeenth, separate and affirmative defense Defendants allege that Decedent had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to himself.

18. As an eighteenth and separate affirmative defense, Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiffs.

19. As a nineteenth and separate affirmative defense, Defendants allege Defendants shall only be responsible for damages in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code § 1431.2).

## DEMAND FOR JURY

Defendants hereby demand a trial by jury as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR JUDGMENT

Wherefore the Defendants pray for judgment as follows:

1. That Plaintiffs takes nothing by this action;
2. That the Defendants be awarded the costs of defending this lawsuit;
3. That the Defendants be awarded a judgment against the Plaintiff; and
4. For such other and further relief as this Court deems proper.

DATED: February 12, 2015                     Respectfully submitted,


*/s/ - Furah Z. Faruqui*
FURAH Z. FARUQUI
Deputy City Attorney
Attorney for Defendants,
CITY OF VALLEJO, JOSEPH KREINS and SEAN KENNEY

Case No. 2:14-CV-00656-JAM-KJN          ANSWER OF DEFENDANTS' TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF; JURY TRIAL DEMANDED

- 11 -