MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
GENEVIEVE K. GUERTIN (State Bar No. 262479)
T. KENNEDY HELM (State Bar No. 282319)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiffs
Lisa Moore and Eugene Moore

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA MOORE and EUGENE MOORE, Individually and as Co-Successors in Interest of Decedent JEREMIAH EUGENE MOORE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, a public entity; CITY OF VALLEJO POLICE CHIEF JOSEPH KREINS, in his individual and official capacities; OFFICER SEAN KENNEY, individually; and DOES 1–50, individually, jointly and severally,<br><br>Defendants. | Case No. 2:14-cv-00656-JAM-KJN<br><br>**JOINT STATUS REPORT** |

The Parties hereby submit their Joint Status Report in this matter.

**a.     The Nature of the Case**

   **(1) Plaintiffs' Statement**

This is a civil rights, wrongful death, and survival action arising from Defendants' wrongful shooting, use of excessive force and recklessly provocative tactics, resulting in the death of Jeremiah Eugene Moore.  On or about October 21, 2012, at about 1:30 a.m., unidentified members of the Vallejo Police Department (VPD), including, on information and belief, Defendant Officer Sean Kenney, fatally shot Jeremiah Eugene Moore at his house at 2504 Alameda Street in Vallejo, California.

Before arriving, the Defendant VPD officers had been informed and knew that Jeremiah suffered from developmental disabilities including an Autism-Spectrum Disorder, mental illness, and/or emotional disturbance.  Upon the VPD officers' arrival, Jeremiah was walking naked in the vicinity of the front steps of his home.  Jeremiah had no weapon in his hands, and he posed no significant or immediate threat of death or serious bodily harm to Defendant VPD officers or others at the time he was shot.

One or more Defendant VPD officers commanded Jeremiah to get on the ground while they pointed guns at him.  Jeremiah said something to the effect of "Okay, Okay, Okay." Jeremiah suffered from an Autism-Spectrum Disorder that caused him to move his hands and arms when he was nervous.  As Jeremiah moved his hands and arms due to his Autism-Spectrum Disorder, the Defendant VPD officers fired multiple, deliberate gunshots at Jeremiah without warning, causing great pain and suffering to Jeremiah, as well as causing his death.  Jeremiah had not made any movement or gesture under the circumstances that a reasonable officer would perceive as posing an immediate threat to justify the use of deadly force.  At all times, Jeremiah had nothing in his hands, was naked, disabled, and emotionally/mentally disturbed, and he did not pose a significant and immediate threat of death or serious physical injury to defendants, officers, or others.

After the incident, Defendant officers and the VPD falsely reported that Jeremiah was threatening an officer with a long gun inside the house when he was shot while standing inside the house. But in fact Jeremiah was unarmed, naked, with nothing in his hands, and he was outside of his house when the defendant officer(s) shot him. At all material times, defendant VPD officers knew and/or had reason to know that Jeremiah was a disabled (Autistic), mentally ill, and/or emotionally disturbed person. The defendants failed to follow generally accepted law enforcement standards and training for safely handling Jeremiah as a disabled, mentally ill, and/or emotionally disturbed person.

Plaintiffs have alleged, on information and belief, that before the shooting of their son Jeremiah, Defendant Kenney, and other VPD officers, had shot other individuals who did not pose an immediate threat of death or serious bodily injury to anyone. Those other victims of such shootings were also disabled and/or mentally incapacitated at the time. Like the present shooting, those other shootings were caused by VPD officers' provocative and unlawful conduct leading up to such shootings. Moreover, such shootings were known to VPD policymakers including Defendant Chief of Police Kreins, and it was apparent and known to such policymakers and the VPD that such shootings were unlawful and outside of Officer Kenney's and other VPD officers' police-academy training and generally accepted law enforcement standards.

Despite such information, VPD policymakers and the VPD took no action to correct deficiencies in VPD training programs and VPD policies and procedures that allowed and encouraged such unlawful uses of deadly force, and specifically took no action to adequately investigate, supervise, discipline, or train Defendant Kenney and other VPD officers.

This case's procedural history is as follows. On March 22, 2013, Plaintiffs timely filed their own claim for damages pursuant to California Government Code §§ 910, 910.2 and 910.4 against the City of Vallejo using the City of Vallejo's official form. On October 11, 2013, Plaintiffs, proceeding pro se, sued the City of Vallejo, the Vallejo Police Department, and Does 1– 50 in the Superior Court of California, County of Solano.

On March 11, 2014, the City of Vallejo and the Vallejo Police Department removed Plaintiffs' lawsuit to the United States District Court for the Eastern District of California. On March 18, 2014, the City of Vallejo and the Vallejo Police Department moved to dismiss Plaintiffs' lawsuit.

Then, on April 18, 2014, Haddad & Sherwin LLP filed a notice of appearance to represent Plaintiffs in this action. Magistrate Judge Newman vacated all pending dates and referred this case back to this Court. Now represented by counsel, on April 29, 2014, Plaintiffs filed a First Amended Complaint (FAC). Plaintiffs subsequently filed Declarations of their legal status as co-successors in interest for Jeremiah. (Doc. Nos. 17 and 18). On May 16, 2014, this Court entered the parties' stipulated order allowing Defendants to file a responsive pleading by June 30, 2014. Defendants moved to dismiss this case on June 30, 2014, (Doc. No. 21).

On October 17, 2014, this Court denied the Defendants' Motion to Dismiss in part and granted it in part. (Doc. No. 27). This Court only dismissed Plaintiffs' Count Seven, claiming violation of California Civil Code § 51.7. The following claims remain. Count One, under 42 U.S.C. § 1983, contains three claims against Defendants Kenney, and Does 1–20: (1) a Fourth Amendment Survival Claim; (2) a Fourth Amendment Wrongful Death Claim, and (3) Plaintiffs' Personal Federal Claim for violation of their First and Fourteenth Amendment Rights to Familial Association. Count Two, also under 42 U.S.C. § 1983, contains a Municipal Liability (*Monell*) claim against the City of Vallejo, and a Supervisory Liability Claim against Defendant VPD Chief Joseph Kreins in his Individual Capacity. Count Three contains both an Americans With Disabilities Act (ADA) Claim and a Rehabilitation Act (RA) Claim, both against the City of Vallejo. Count Four contains both a California Civil Code § 52.1 (Bane Act) Survival Claim, and Plaintiffs' Personal Bane Act Claim based on Defendants' violation of their First and Fourteenth Amendment Rights to familial association with their son, Jeremiah; both claims are brought against Defendants Kenney, Does 1–20, and, vicariously, the City of Vallejo. Count Five contains general negligence survival and wrongful death claims against all Defendants. Finally, Count Six

contains assault and battery survival and wrongful death claims against Defendants Kenney, Does 1–20, and, vicariously, the City of Vallejo.

Defendants answered the FAC on February 12, 2015. (Doc. No. 28).

**(2) Defendants' Statement**

The City Defendants deny the version of events as set forth by Plaintiffs above. Specifically, the Defendants contend that the use of deadly force was justified under the totality of the circumstances. Moreover, Defendants deny any basis for *Monell* liability. Accordingly, Defendants deny that Plaintiffs are entitled to any of the relief requested.

**b.   Progress in the Service of Process**

All named Defendants have been served; Plaintiffs filed a Notice, along with Waiver of Service of Summons Certificates, for Defendants VPD Chief Joseph Kreins and Officer Sean Kenney, on May 21, 2014. (Doc. Nos. 20, 20-1 and 20-2.)

**c.   Possible Joinder of Additional Parties**

The parties do not presently anticipate the joinder of any additional parties.

**d.   Any Expected or Desired Amendment of Pleadings**

Plaintiffs do not intend to amend the complaint at this time, but Plaintiffs reserve the right to seek leave to amend should such amendment be warranted—especially if discovery shows that other officers were integrally involved in the incident.

**e.   Jurisdiction and Venue**

This Court has subject matter jurisdiction based on 28 U.S.C.S. §§ 1331 and 1343. Venue is proper, because the actions giving rise to the FAC occurred within the City of Vallejo, County of Solano, California.

**f.   Anticipated Motions and the Scheduling of Motions**

**(1) Plaintiffs' Statement**

Plaintiffs do not anticipate filing any motions at this time, but they reserve the right to do so. As to the scheduling of dispositive motions, please see Plaintiffs' Statement at ¶ **h**, *infra.*

**(2) Defendants' Statement**

The Defendants anticipate filing a Motion for Summary Judgment.

**g.      Anticipated Discovery and the Scheduling of Discovery**

**(1) What Changes, if Any, Should Be Made in the Timing, Form, or Requirement for Disclosures under Rule 26(a), Including a Statement as to When Disclosures under Rule 26(a)(1) Were Made or Will Be Made.**

The parties have stipulated that disclosures under Rule 26(a)(1) (Initial Disclosures) will occur within thirty days of the parties' Rule 26(f) conference, which was held on **February 24, 2015**.  Therefore, the parties will exchange initial disclosures on or before **March 26, 2015**.

**(2) The Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases or Be Limited to or Focused Upon Particular Issues.**

The parties do not believe that discovery should be conducted in phases, nor limited or focused on particular issues.  As to when discovery should be completed, please see the parties' statement at ¶ **h**, *infra*.

**(3) What Changes, if Any, Should Be Made in the Limitations on Discovery Imposed Under the Civil Rules and What Other Limitations, if Any, Should Be Imposed.**

**i)       Plaintiffs' Statement**

Plaintiffs propose that Plaintiffs will take 10 depositions of up to 7 hours, and another 15 depositions of up to 4 hours, because, at this time, Plaintiffs know—without having had any opportunity to conduct any discovery—that there are at least 15 witnesses in this case. Specifically, there are at least 11 percipient witnesses; 2 named Defendants, and Plaintiffs plan on deposing—at a minimum—2 Federal Rule of Civil Procedure 30(b)(6) (PMK) witnesses on the following topics: (1) the Vallejo Police Department's training of use of force, including deadly force; and (2) the Vallejo Police Department's handling of developmentally disabled persons,

including especially persons with autism-spectrum disorders. Based on other police shooting cases handled by Plaintiffs' counsel, Plaintiffs also anticipate that there will be many other officers who were involved in investigating this shooting and reviewing other shootings by Defendant Kenney.

Plaintiffs further propose to limit interrogatories and requests for admission to 25 per side.

Lastly, Plaintiffs anticipate submitting a stipulated protective order for confidential information, including police officer personnel files and internal affairs files, and medical records of parties and witnesses.

### ii) Defendants' Statement

Defendants propose taking 10 depositions of 7 hours, and another 15 depositions of 4 hours. Defendants disagree with limiting interrogatories and requests for admission to 25 per side.

**(4) The Timing of the Disclosure of Expert Witnesses and Information Required by Rule 26(a)(2)**

Please see Plaintiffs' and Defendants' respective proposed dates at ¶ **h**, *infra.*

**h.  Future Proceedings, Including Setting Appropriate Cut-Off Dates for Discovery, Law and Motion, and the Scheduling of Pretrial and Trial.**

Plaintiffs and Defendants propose the following dates with respect to discovery, law and motion, and the scheduling of pretrial and trial:

|  | **Plaintiffs' Proposed Dates** | **Defendants' Proposed Dates** |
|---|---|---|
| **Initial Disclosures** | March 26, 2015 | March 26, 2015 |
| **Expert-Witness Disclosures** | December 11, 2015 | December 11, 2015 |
| **Non-Expert Discovery Cutoff** | December 11, 2015 | January 11, 2016 |
| **Rebuttal Expert-Witness Disclosures** | December 31, 2015 | January 11, 2016 |
| **Non-discovery (Dispositive) Motion Filing** | January 13, 2016 | April 25, 2016 |
| **Settlement Conference before a** | April 2016 | July 2016 |

| Magistrate Judge | | |
|---|---|---|
| **Expert Discovery Cutoff** | May 13, 2016 | July 18, 2016 |
| **Pretrial Conference** | June 13, 2016 | November 4, 2016 |
| **Trial Date** | July 11, 2016 | December 5, 2016 |

i. **Appropriateness of Special Procedures**

The parties decline referral to a special master or to a magistrate judge for trial.

j. **Estimate of Trial Time**

The parties estimate a trial time of between 12 and 15 trial days and request a jury trial.

k. **Modification of Standard Pretrial Procedures Specified by the Rules Due to the Relative Simplicity or Complexity of the Action or Proceedings**

The parties do not request modification of standard pretrial procedures.

l. **Whether the Case is Related to Any Other Case, Including any Matters in Bankruptcy**

This case is not related to any other case, including to any matter in bankruptcy.

m. **Any Other Matters that May Add to the Just and Expeditious Disposition of This Matter.**

The parties believe that this case is suitable for a judicially supervised settlement conference, and they request a settlement conference before a magistrate judge. Based on the volume of discovery that must be completed to make a settlement conference valuable, the parties request that the conference be set after an opportunity for significant discovery, and after dispositive motions, if appropriate.

Plaintiffs respectfully decline to have the trial judge act as the settlement judge. Plaintiffs are presently unaware of any other matters which may be conducive to the just, efficient, and economical determination of the action.

//

//

//

2:14-cv-00656-JAM-KJN: JOINT STATUS REPORT                                                             7

DATED:  March 19, 2015

HADDAD & SHERWIN LLP

By: */s/ T. Kennedy Helm*
   T. Kennedy Helm
   Attorneys for Plaintiffs
   LISA MOORE AND EUGENE MOORE

DATED: March 19, 2015

By:  */s/ Furah Z. Faruqui*
   Furah Z. Faruqui
   Deputy City Attorney
   Attorney for Defendants
   CITY OF VALLEJO, CITY OF VALLEJO
   POLICE CHIEF JOSEPH KREINS, and
   OFFICER SEAN KENNEY