MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
GENEVIEVE K. GUERTIN (State Bar No. 262479)
T. KENNEDY HELM (State Bar No. 282319)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiffs
Lisa Moore and Eugene Moore

**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY:  FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545 // Fax:  (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, JOSEPH KREINS AND SEAN KENNEY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA MOORE and EUGENE MOORE, Individually and as Co-Successors in Interest of Decedent JEREMIAH EUGENE MOORE,<br><br>            Plaintiffs,<br>vs.<br><br>CITY OF VALLEJO, a public entity; CITY OF VALLEJO POLICE CHIEF JOSEPH KREINS, in his individual and official capacities; OFFICER SEAN KENNEY, individually; and DOES 1–50, individually, jointly and severally,<br><br>            Defendants. | Case No. 2:14-cv-00656-JAM-KJN<br><br>**PROPOSED STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS** |

2:14-cv-00656-JAM-KJN: PROPOSED STIPULATED PROTECTIVE ORDER RE: CONFID. DOCS.

IT IS HEREBY STIPULATED BY ALL PARTIES to this action by and through their attorneys of record, that in order to protect the confidentiality of the records described below, any of said records disclosed are subject to a protective order (and designated as "Confidential Material"). Defendants have designated the following documents, in paragraphs (a)–(y), as confidential. Plaintiffs do not agree that all of the documents are confidential, and Plaintiffs reserve their right to challenge the confidentiality designations, including by proceeding under paragraph 7 of this stipulated protective order:

    a. Documents subpoenaed from third parties, including, but not limited to:
- i. San Mateo County Sheriff's Office Forensic Laboratory Documents;
- ii. Solano County Sheriff-Coroner's Documents, including but not limited to, x-rays and autopsy photographs;
- iii. Solano County District Attorney's Office Documents;
- iv. Hayward Police Department Documents pertaining to Sean Kenney;
- v. Napa City Police Department Documents pertaining to Sean Kenney;

    b. VPD Report No. 12-13203

    c. CD of 21 digital photos of Ofc. Kenney's weapon. *See* Report No. 1213203.8

    d. DVD of 505 Digital Photos of Crime Scene. *See* Report No. 1213203.8

    e. SB-69 Veripic digital photographs. *See* Evidence Property Management form, Case No. 1213203, Sheet 16288

    f. SB-71-Veripic Photos of Autopsy. *See* Evidence Property Management form, Case No. 1213203, Sheet 16309.

    g. SB79-CD of 21 Digital Photographs of Ofc. Kenney's Weapon. *See* Evidence Property Management form, Case No. 1213203, Sheet 16430

    h. SB80-DVD of 505 Digital Photos of Crime Scene. *See* Evidence Property Management form, Case No. 1213203, Sheet 16430

    i. JJ2-DVD. See Evidence Property Management form, Case No. 1213203, Sheet 16461

j. VPD 12-13203 Lt Dejesus Vievu Video

k. VPD 12-13203 Sgt Clark Vievu Video

l. Officer Boyce's digitally recorded interview.  *See* Report No. 1213203.9

m. Officer Greenberg's interview that was digitally recorded. *See* Report No. 1213203.9

n. DVDs #1 and #2 of interviews with B. Clark.  *See* Report No. 1213203.10; *see also* Report No. 1213203

o. DVD of interview with S. Kenney.  *See* Report No. 1213203.10

p. DVD of interview with R. McMahon.  *See* Report No. 1213203.10

q. DVD of interview with M. Clouse.  *See* Report No. 1213203.10

r. DVD of interview with Jason Jessie.  *See* Report No. 1213203.10

s. DVD of recordings made by M. Clouse.  *See* Report No. 1213203.10

t. DVD of interviews with E. and L. Moore.  *See* Report No. 1213203.10; *see also* Report No. 1213203.17

u. CD-R of phone conversation between S. Meeker and Tribble.  *See* Report No. 1213203.10

v. All of Clouse's recordings from his Mino HD flip video device.  *See* Report No. 1213203.10

w. CD of interview with Hanson-McGrath.  *See* Report No. 1213203.13

x. Two DVDs of Sgt. Clark's interview.  *See* Report No. 1213203

y. The CD-R containing the audio recording of Det. T. Tribble's phone conversation with Sharon MEEKER on 10/22/12.  *See* Report No. 1213203.17

1. Confidential material may not be disclosed except as set forth in paragraphs 2–6.

2. Confidential Material may be disclosed only to the following persons:

    a. Counsel for any party to this action.

        b.      Paralegal, stenographic, clerical, investigative, and secretarial personnel regularly employed or retained by counsel referred to in 4(a);

        c.      Independent court reporters and court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

        d.      Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;

        e.      Any "in house" expert designated by defendant to testify at trial in this matter;

        f.      Witnesses, other than the plaintiff herein, who may have the documents disclosed to them during deposition proceedings; the witnesses may not leave the depositions with copies of the documents, and shall be bound by the provisions of paragraph 5;

        g.      Any Neutral Evaluator or other designated ADR provider;

        h.      Parties to this action; and

        i.      The jury, should this matter go to trial.

3.    Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided with a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understand the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District, with respect to any proceeding relating to the enforcement of this order. Defendants City of Vallejo and the named defendants herein shall be entitled to retain possession of the original writings described above. Nothing in this paragraph 4 is intended to prevent officials or employees of the City of Vallejo or other authorized government officials or any other persons from having access to the documents if they would have had access

2:14-cv-00656-JAM-KJN: PROPOSED STIPULATED PROTECTIVE ORDER RE: CONFID. DOCS.    3

in the normal course of their job duties or rights as a citizen. Further, nothing in this order prevents a witness from disclosing events or activities personal to them, i.e., a witness can disclose to others previous information given to the City of Vallejo with respect to what she/he saw, heard, or otherwise sensed.

4. At the conclusion of the trial and of any appeal or upon other termination of this litigation, upon written request by the City of Vallejo, all Confidential Material received under the provision of this order (including any copies made) shall be delivered back to the City of Vallejo. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until all Confidential Material (including all copies thereof) are returned to defendants. Notwithstanding this provision, plaintiffs' counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Material.

5. In the event that any party wishes to file Confidential Material with the court, as an exhibit to a pleading or otherwise, the filing party shall first seek an order to file under seal pursuant to Local Rule 141. The Request to Seal Documents shall refer to this stipulation and protective order.

6. Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcript, pleading or brief, which otherwise contain Confidential Material as defined in paragraph 1, as long as such document has been redacted so as to prevent disclosure of such Confidential Material.

7. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of Confidential Materials beyond the terms of this order.

/ /

/ /

/ /

DATED:  September 1, 2015

*/s/ Furah Z. Faruqui*
FURAH Z. FARUQUI
Deputy City Attorney
Attorney for Defendants,
CITY OF VALLEJO, JOSEPH KREINS, SEAN KENNEY

DATED:  September 1, 2015

*/s/ T. Kennedy Helm*
T. KENNEDY HELM
Attorneys for Plaintiffs
LISA MOORE and EUGENE MOORE

**IT IS SO ORDERED.**

DATED:  _____

_____
HONORABLE KENDALL J. NEWMAN
United States Magistrate Judge